Freeman R. BOSLEY, Jr., Respondent,

v.

Hon. Paul M. BERRA, Appellant.

CITY OF ST. LOUIS, et al.,
Petitioners,

v.

22ND JUDICIAL CIRCUIT, et
al., Respondents.

Nos. 65957, 66586.

Supreme Court of Missouri,
En Banc.

April 2, 1985.
Rehearing Denied April 30, 1985.

Robert H. Dierker, Jr., James J. Wilson, Edward J. Hanlon, Julian L. Bush, St. Louis, for appellant and petitioners.

Douglas A. Forsyth, Sr., St. Louis, for respondents in both cases.

## PETITION FOR REVIEW FROM THE JUDICIAL FINANCE COMMISSION

GUNN, Judge.

This opinion consolidates for disposition two cases arising out of a budget dispute between the City of St. Louis and the Clerk of the Twenty-second Judicial Circuit.

The first matter is a proceeding in mandamus brought by the circuit clerk against the comptroller of the city to compel the approval and payment of certain contracts entered into by the circuit clerk. The trial court ordered the requested relief, and the city appeals this judgment. The second case is a proceeding before the Judicial Finance Commission brought by the city to challenge these expenditures.[1] The commission determined that portions of the

disputed expenditures were reasonable and that the remainder were unreasonable. The city also appeals this decision, pursuant to § 477.600, RSMo Cum.Supp.1984.

We affirm the decision of the Judicial Finance Commission. The judgment in mandamus is affirmed with respect to compelling payment of the expenditures found to be reasonable by the Judicial Finance Commission and reversed in all other regards.

■ In reviewing the decision of the Judicial Finance Commission, § 477.600 provides that this Court shall consider the petition for review de novo. However, in view of the Commission's statutory function as arbiter of circuit court budget disputes, *In Re 1983 Budget for the Circuit Court of St. Louis County*, 665 S.W.2d 943, 944 (Mo. banc 1984), this Court does not engage in any close reconsideration of the Commission's conclusions with respect to reasonableness of circuit court expenditures where the basis for such conclusions is apparent from the record. This holding follows clear legislative intent respecting review of the Commission's statutory functions.

The expenditures involved in these cases fall into two categories. The first consists of two contracts for consultation and systems support for a proposed computerization of the circuit court's financial accounting system, to be coupled with in-house computerized docket control. The second consists of contracts for and first-year amortization of mainframe computers capable of performing these joint functions.

■ The original budget for the circuit clerk's office, allocated within the budget of the circuit court, contained a line item denominated "office services." An attached commentary designated $276,775 for a "proposed accounting system," which the commentary noted was to be computerized. The need for such a system was

---

**1.** Rule 9.05 of the Judicial Finance Commission Rules of Practice and Procedure (Administrative Rule 12) provides for the following time restrictions applicable in a petition for review to the

Commission: "Except for good cause shown, a Petition shall be filed at least thirty (30) days before the beginning of the county's fiscal year in question."

evidently recognized by all parties, and a budget including this item was approved by both the circuit court and the city. The board of aldermen of the city enacted the budget into law. The circuit clerk subsequently obtained consulting services relative to the implementation of this system which resulted in a plan to computerize both financial accounting and docketing. The cost of consultation and systems support for this plan totalled approximately $49,000. The first-year outlay for computerization amounted to $90,000, with a total cost of $1,500,000 for the entire project. The Commission determined the consultation and system support costs were reasonable and that the implementation costs were not. We agree, giving deference to the findings and conclusions of the Judicial Finance Commission in this regard.

The city's challenge to the approved costs centers on its contention that the particular expenditures were neither approved by the circuit court nor contemplated by the line-item description. This two-part point is without merit.

The record clearly refutes the allegation that the expenditures were not approved by the circuit court en banc; they were.

Second, the Judicial Finance Commission's statutory function is to determine the reasonableness of budget estimates submitted by the individual circuit court and its clerk. Sections 50.640, 477.600, RSMo Cum.Supp.1984. To the extent this function was implicated by the city's petition, the Commission was called upon to determine the reasonableness of the circuit clerk's "office services" budget item in light of the two substantive constituents proposed for that item by the clerk: consultation and systems, and mainframe computer and construction. We can conceive of no other, and certainly no better, method for determining the reasonableness of given budget items than to evaluate the reasonableness of the discrete and concrete elements proposed for it through which the item is given meaning. The Commission found the item to be reasonable to the extent it reflected the first component and

unreasonable to the extent of the second. With our assent, those determinations now become final. See § 477.600.

The trial court in the mandamus proceeding took the position that the city comptroller could not refuse to approve the circuit clerk's proposed expenditures under a budget estimate which had been made the subject of an appropriation by the city, absent illegality or a manifest and clear abuse of discretion by the circuit clerk. *Kirby v. Nolte,* 349 Mo. 1015, 164 S.W.2d 1, 5 (banc 1942). The trial court concluded that neither the consultation expenses nor the mainframe costs were either unlawful or manifested a clear abuse of discretion.

■ Certainly the budget estimate in question had been made the subject of an appropriation, as the city was compelled to do so under § 50.640. However, the estimate was not so "final" as to authorize the requested relief, since it was still subject to the Judicial Finance Commission's review for reasonableness. Once the Commission's authority to review the estimate was invoked, it became the function of that body and this Court sitting in review to determine the reasonable and permissible constituents of that estimate. That process having been completed, it is now apparent that the appropriation upon which the mandamus was based has been invested with both the affirmative and negative characteristics indicated by the Commission and this Court. Mandamus is therefore available to the circuit court with respect to the approved costs for which no Commission review is sought or which have been found to be reasonable by review. However, that remedy is unavailable with respect to those costs excluded from the appropriation, or while pending Commission review.

■ With respect to the Judicial Finance Commission's jurisdiction to review the reasonableness of the various items under dispute, it matters not that the budget has already been approved and signed into law by the City. It is manifest that the legislative intent behind §§ 50.640 and 477.600 is to create in the Commission a

vehicle for handling all budget disputes preferably before the start of the budget year in question: "The Commission, to the maximum extent practicable, shall resolve the dispute prior to the beginning of the fiscal year in question." § 50.640.2, RSMo Cum.Supp.1984. But that does not necessarily mean that the Commission's jurisdiction is limited only to financial disputes occurring before the start of the budget year or before the approval of the budget, providing, of course, that review procedures before the Commission are promptly instituted by the moving party.

The decision of the Judicial Finance Commission is therefore affirmed. The judgment of the trial court is affirmed in part and reversed in part and is hereby remanded to the trial court for entry of judgment in accordance with this opinion.[2]

All concur.

**2.** A purported "settlement agreement" concerning the dispute between the parties has been filed by the City subsequent to arguments before this Court. However, the undated document is not signed by any of the parties to the litigation and is ineffective insofar as our treatment of the issues is concerned.