The CIRCUIT COURT OF JACKSON COUNTY, Missouri, Relator,

v.

JACKSON COUNTY, Missouri, William F. Waris County Executive, Gary Panethiere, Manager, Division of Finance and Jackson County Legislature, Respondents.

No. WD 42029.

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

R. Lawrence Ward, Thomas A. Sheehan, Shughart, Thomson & Kilroy, Kansas City, for relator.

John B. Williams, County Counselor, Jay D. Haden, Deputy County Counselor, Kansas City, for respondents.

Before TURNAGE, P.J., and BERREY and FENNER, JJ.

TURNAGE, Presiding Judge.

The Circuit Court of Jackson County filed its petition in mandamus in this court seeking to compel Jackson County, its County Executive, Manager of the Division of Finance and its legislature to pay certain salary increases [1] approved by the Circuit Court. A Preliminary Order in Mandamus was issued and such order is now made peremptory.

There is no dispute as to the facts. Pursuant to § 50.640, RSMo 1986, the Circuit Court submitted to Jackson County its estimate of expenses to be paid by the County. Thereafter, the County appropriated $2,874,593 for regular salaries of the Circuit Court and $6,302,541 for regular salaries of the Juvenile Division. Although the County challenged other portions of the Circuit Court budget estimate, there was no challenge to the salary accounts.

The petition in mandamus alleged that the County refused to pay salary increases ordered by the Circuit Court for three employees—one was hired on a probationary basis and at the end of her probation was entitled to an increase in salary; the legal counsel to the court administrator was promoted to assistant administrator/legal counsel and the court had ordered a salary increase for that person; an employee of the Juvenile Division was reclassified to a higher grade level and was entitled to a pay increase. The Circuit Court requested that the County pay such salary increases out of the amount appropriated for regular salaries. The petition alleges that the payment of such salary increases will not require expenditures in excess of the amount appropriated for regular salaries.

The petition alleged that the County had imposed a hiring and salary increase "freeze" on all County employees and for that reason refused to pay, from the amount appropriated for regular salaries for the Circuit Court and Juvenile Division, the increases in salary for the three employees. The County contends that its budget process includes a line item for regular salaries and a line item for salary increases. It contends that money was appropriated for the regular salaries of the Circuit Court and its Juvenile Division, but because the court failed to request any amount for the salary increase line item, no amount was appropriated for salary in-

---

creases. The County contends that because no amount was appropriated for salary increases, it is not required to pay the increases in question.

The Circuit Court contends that it has the sole power to fix the compensation of its employees and it is entitled to pay each of its employees such sum as it deems to be necessary, within the amount appropriated by the County for salaries. The Court contends this is true even if there is no appropriation for the line item labeled salary increase.

Section 50.640 provides that the County shall not change the estimates of the Circuit Court submitted to the budget officer of the County without the consent of the Circuit Court. If the County desires to challenge the Circuit Court estimate, it is required by that section to file a petition for review with the Judicial Finance Commission.

■ Under the statutory scheme, the authority to fix salaries for Circuit Court employees is vested in the Circuit Court subject only to change by the Judicial Finance Commission. Thus, the County has no power or authority to fix the salaries of Circuit Court employees.

■ The reason the power to fix salaries of its own employees is vested in the Circuit Court was stated in *State ex rel. Weinstein v. St. Louis County*, 451 S.W.2d 99, 102[3, 4] (Mo. banc 1970). As pointed out in *Weinstein*, if the Circuit Court did not have such power, the legislative department could determine the extent to which the judicial department would perform its judicial function by limiting the number of employees of the Circuit Court, or providing for no employees at all.

■ Although the County does not explicitly contend that it has the power to fix the salaries of Circuit Court employees, the position it takes in this case would mandate that result. The County contends that even if the Circuit Court can pay the salary increases in question within the amount appropriated for regular salaries, the County nevertheless has the power to refuse to pay such increases because the budget did

not contain an appropriation for salary increases. However, the line item called regular salaries is broad enough to cover salary increases because the statute vests the Court, not the County, with authority to fix the salaries of Court employees. The wider implication of the County's argument is that the County has control over the expenditure of funds appropriated to the Court, even though no statute gives the County that authority.

■ Under the statute providing for the Circuit Court budget, once funds are appropriated to the Circuit Court, the County loses control over those funds. The statute provides that the County cannot change the Court's estimate and the only change that can be forced on the Court must be made by the Judicial Finance Commission. Once the appropriation is beyond review by the Commission, the amounts appropriated must remain for expenditure by the Court. *State ex rel. Cooke v. Jarrell*, 154 W.Va. 542, 177 S.E.2d 214 (1970). Otherwise, the amount of money available to the Court would be at the mercy of the County, even after the appropriation was made.

■ The Circuit Court employees are not employees of the County, so even though the County has imposed a hiring and salary freeze on its employees, such freeze does not apply to Court employees. The amount appropriated to the Court for regular salaries is available to the court to be paid to its employees as salary, whether the amount paid represents a salary raise or not.

■ Under its authority to fix the compensation of its employees, the Circuit Court has authority to determine which employees shall be promoted, reclassified or receive salary increases. The only limitation on the power of the Circuit Court to compensate its employees as it deems best is the amount appropriated by the County. This is true whether or not the Court requests an appropriation for the line item labeled salary increases. In this case there is no dispute that the increases in salary granted by the Circuit Court will not cause

**928**

it to expend more than the amount appropriated for regular salaries.

To sustain the County argument would, in effect, place the number and compensation of Circuit Court employees under the control of the County and the legislative department would determine the extent to which the judicial department could perform its judicial functions. This is a result which *Weinstein* prohibits.

In *Bosley v. Berra*, 688 S.W.2d 353, 355[3] (Mo. banc 1985), the Court held that once an amount has been appropriated by the county for the circuit court, and the review process has been completed, mandamus is available to the circuit court to obtain those amounts appropriated to it. The amounts sought by the Circuit Court in this case are within the appropriation made by the County and the appropriation is not subject to review. Mandamus therefore is available to compel the County to pay salary increases ordered by the Circuit Court.

The Preliminary Order in Mandamus is hereby made peremptory and the County, and its officials named herein together with its legislature, are hereby ordered to pay the salary increases ordered by the Circuit Court as particularly described in the Petition in Mandamus. Such salary increases shall be paid from the effective date heretofore ordered by the Circuit Court.

All concur.