STATE of Missouri, ex rel. Philip G. HESS, Circuit Judge, Division No. II of the Twenty–Third Judicial Circuit of Missouri, Relator,

v.

Elizabeth FAULKENBERRY, Carol Stallman and Ron Casey, County Commissioners, Jefferson County, Missouri, Respondents.

No. 57534.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Feb. 6, 1990.

Thurman, Smith, Howald, Weber & Bowles, David P. Senkel and Gregory K. Laughlin, Hillsboro, for relator.

Benson Cytron, House Springs, for respondents.

KAROHL, Presiding Judge.

Relator Circuit Judge prays for an order commanding Respondent Commissioners to issue the county's warrant payable to Relator in the amount of $1,575.00. Relator alleged he spent this sum to attend a continuing legal education program between August 5 and August 19, 1989. He further alleged the County Commission of Jefferson County approved a county budget, effective January 30, 1989, which included approval of an estimate of the Circuit Court of Jefferson County for "Associate memberships, seminar reimbursement, judicial college, and continuing legal education" in the amount of $3,135.00. On September 15, 1989 Relator Circuit Judge submitted an amended request for voucher, claiming reimbursement of $1,575.00 for continuing legal education. The request was not supported by documents proving expenditure of these sums. The County Commission acknowledged the request for reimbursement, but did not approve a warrant for payment. It did not respond by requesting proof of payment of the claimed expenses by Relator. At the request of this Court and prior to a Preliminary Order in Mandamus Relator presented to this Court and the Commission proof of his expenditures for an activity included in the county budget.

Mandamus is an available remedy to compel payment with respect to approved costs contained in a budget. *Bosley v. Berra*, 688 S.W.2d 353, 355 (Mo. banc 1985); *The Circuit Court of Jackson County v. Jackson County et al.*, 776 S.W.2d 925, 928 (Mo.App.1989).

Relator Circuit Judge contends he has an unqualified right to reimbursement for seminar and continuing legal education expenses because the estimate for these expenses was approved, levied, and funds appropriated. Funds for continuing legal education were not challenged before the Judicial Finance Commission, as provided in § 50.640 RSMo 1986. Respondent Commissioners do not contest this fact. However, it is their position that Relator did not establish a clear and unequivocal right to payment. It is their contention that they are required under the provisions of § 50.160 RSMo 1986 to perform an auditing function before approving expenditures. Section 50.160 grants to the Commission power to audit, adjust and settle all accounts to which the county shall be a party. The Commission was entitled to vouchers proving payment of funds claimed by Relator. Relator furnished to Respondent Commissioners and this Court proof of payment together with the Petition for Writ of Mandamus. These vouchers prove Relator Judge paid $1,575.00 for tuition, transportation and housing at a University of Missouri Kansas City Law School continuing legal education program. The vouchers satisfy any audit responsibility of Respondent Commissioners. Relator Circuit Judge has an existing claim and right to reimbursement. Respondent Commissioners have a corresponding present, imperative, unconditional duty to approve a warrant for reimbursement.

The Preliminary Order in Mandamus is hereby made peremptory. Respondent County Commissioners are hereby ordered to pay to Relator Circuit Judge the sum of $1,575.00 after Relator Circuit Judge delivers to Respondent Commissioners, for inspection, originals of Exhibits A, B, C and D attached to Relator's Supplemental Petition for Writ of Mandamus. These exhibits

are proof of payment of expenses approved in the budget. Costs are assessed against Respondents.

HAMILTON, J., concurs.

SATZ, J., concurs in result only.