TWENTIETH JUDICIAL CIRCUIT OF the STATE OF MISSOURI, John C. Brackman, Presiding Judge, Relator,

v.

The BOARD OF COMMISSIONERS OF the COUNTY OF FRANKLIN, et al., Respondents.

No. 78176.

Supreme Court of Missouri, En Banc.

Dec. 19, 1995.

Isidore Lamke, Washington, John Robert O'Connor, Union, for Relator.

Mark S. Vincent, Union, for Respondents.

### ORIGINAL PROCEEDING IN MANDAMUS

ROBERTSON, Judge.

The Circuit Court of the Twentieth Judicial Circuit filed a petition for mandamus in this Court, seeking our peremptory writ compelling the Franklin County Commission to pay salaries of juvenile office employees as submitted to the county in the circuit court's budget estimates. We issued a preliminary order in mandamus to consider whether Franklin County's failure to seek resolution of its disagreement with the circuit court's budget estimate before the judicial finance commission, pursuant to section 50.640, RSMo 1994, established a ministerial duty in the county to pay the salaries of the juvenile office employees. We now make our alternative writ in mandamus peremptory.

### I.

Franklin County is a first class county. Section 50.540.1, RSMo 1994, requires the circuit court to deliver its budget estimate for the next budget year to the county budget officer on or before September 1 of each year. Circuit Judge John Brackman personally delivered the budget estimate of the circuit court for the fiscal year beginning January 1, 1995, to the budget officer by September 1, 1994. The circuit court's budget estimate included salaries for juvenile office employees totalling $348,706.00.

Subsequently, the county imposed a three percent cap on most of the county's employees' salary increases and reduced the circuit court's budget by $15,771.26. The county indicated that it attributed this reduction to a reduction in the salaries of juvenile office employees. The county also suggested other minor adjustments in the circuit court's budget. The circuit court agreed to the minor reductions. The circuit court, however, never consented to the reductions in the juvenile office employees' salaries. The county approved a final budget appropriation for the circuit court of $332,951.00. The county did not request a review of the budget by the judicial finance commission.

To date, the county has refused to pay the juvenile office employees the salaries requested in the circuit court's budget estimate.

### II.

Section 50.640 provides in relevant part that:

> 1. ... The estimates of the circuit court, including all activities thereof and of the circuit clerk, shall be transmitted to the budget officer by the circuit clerk. The estimates of the circuit clerk shall bear the approval of the circuit court. The budget officer or the county commission shall not change the estimates of the circuit court without the consent of the circuit court or the circuit clerk, respectively, but shall appropriate in the appropriation order the amounts estimated as originally submitted or as changed, with their consent.
>
> 2. If the county governing body deems the estimates of the circuit court to be unreasonable, the governing body may file a petition for review with the judicial finance commission on a form provided by the judicial finance commission after the estimates are included in the county budget....

■ The county's first point maintains that section 50.640.1 requires the circuit clerk to deliver the circuit court's budget estimate to the county budget officer. Because the circuit *judge* delivered the budget estimate, the county argues that the circuit court failed to transmit the budget estimate as required by the statute, that this failure is tantamount to a failure to deliver the budget estimate at all, that the budget officer therefore assumed the duty to prepare the circuit court's budget under section 50.540.1, and that the budget officer's estimate is the budget amount appropriated by the county to the circuit clerk. On the strength of this argument, the county contends that it met the requirements of the law to appropriate

the amounts estimated as originally submitted.

This argument is as bold as it is misguided. Section 50.640.1 does not mandate a method of delivery. Instead, it establishes a duty in the circuit clerk to deliver the circuit court's budget estimate to the county budget officer.

■ The county, in arguing that the statute establishes an exclusive method for transmitting the circuit court's budget estimate, minor deviations from which render the actual delivery by the circuit judge a nullity, misunderstands the role of the circuit clerk. The circuit clerk is an arm of the circuit court. The circuit clerk does not act independently of the circuit court, but acts "under the supervision of the judge." *Cannon v. Nikles,* 235 Mo.App. 1094, 151 S.W.2d 472, 475 (1941). Thus, the clerk is an agent of the circuit judge and possesses the statutory authority to perform certain tasks. The judge, as the principal, possesses the inherent power to perform the tasks. The point is denied.

The circuit court contends that section 50.640 establishes a ministerial duty in the county to pay the amount in the circuit court's budget estimate for juvenile office employee salaries unless the circuit court consents to a change or the county seeks relief before the judicial finance commission. The circuit court is correct.

Section 50.640 is clear and unequivocal. The circuit court has the sole power to set compensation for its employees and to require the county to pay those salaries. Absent the circuit court's consent to a lesser amount, the county "shall appropriate ... the amounts estimated as originally submitted or as changed, with [the consent of the circuit court]." If the county believes the circuit court's budget estimate is unreasonable and the circuit court refuses to consent to a reduction, the county may seek relief before the judicial finance commission. Failing that, the statute leaves the county no option but to appropriate the circuit court's budget estimate.

■ Mandamus is the proper remedy where a relator shows that a clear, unequivocal and specific duty presently exists which the respondent refuses to perform. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994). Pursuant to section 50.640, by its failure to pursue relief before the judicial finance commission, the county accepted a clear, unequivocal and present duty to include the salary increases for employees of the juvenile office contained in circuit court's budget estimate in the county's appropriations to the circuit court and to do so without modification. Mandamus lies to compel performance of that duty.

### III.

The Board of Commissioners of Franklin County is hereby ordered to appropriate funds to the Circuit Court of the Twentieth Judicial Circuit for juvenile office employee salaries in the amount contained in the budget estimate of the Circuit Court of Twentieth Judicial Circuit. The alternative writ of mandamus previously issued is made peremptory.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH and COVINGTON, JJ., and O'SHEA, Senior Judge, concur.

WHITE, J., not sitting.