

# In the Missouri Court of Appeals
# Eastern District

WRIT DIVISION SIX

| | | |
|---|---|---|
| TWENTIETH JUDICIAL CIRCUIT OF THE STATE OF MISSOURI, BY THE HONORABLE ISIDORE I. LAMKE, PRESIDING JUDGE, | ( ( ( ( | No. ED108658 |
| | ( | Writ of Mandamus |
| RELATOR, | ( ( | |
| vs. | ( ( | |
| THE BOARD OF COMMISSIONERS OF THE COUNTY OF FRANKLIN, STATE OF MISSOURI; TIM BRINKER, PRESIDING COMMISSIONER; TODD BOLAND, FIRST DISTRICT COMMISSIONER; DAVE HINSON, SECOND DISTRICT COMMISSIONER; AND ANGELA GIBSON, INTERIM AUDITOR OF THE COUNTY OF FRANKLIN, STATE OF MISSOURI, | ( ( ( ( ( ( ( ( ( ( ( ( | |
| RESPONDENTS. | ( | FILED: February 11, 2020 |

Relator, the Twentieth Judicial Circuit of the State of Missouri ("the Circuit Court"), by the Honorable Isidore I. Lamke, Presiding Judge, (hereinafter "Relator") filed a Petition for Writ of Mandamus with this Court, seeking to compel the Board of Commissioners of the County of Franklin, Tim Brinker ("Presiding Commissioner"), Todd Boland ("First District Commissioner"), Dave Hinson ("Second District Commissioner"), (collectively, "County Commission"), and Angela Gibson ("Budget Officer") (collectively, "Respondents") to immediately appropriate and begin disbursement of the total Fiscal Year 2020 Court Budget

Estimate ("FY 2020 CBE"), including the amount requested for Juvenile Court operations, salaries, and benefits and payment of Juvenile Court expenses, retroactive to January 1, 2020. Relator contends Respondents have a non-discretionary and ministerial constitutional and statutory duty to appropriate Relator's timely submitted FY 2020 CBE as submitted and disburse such funds as directed by Relator. We previously issued a Preliminary Order in Mandamus. The Preliminary Order in Mandamus was made permanent by Permanent Writ of Mandamus ordered on February 6, 2020. This opinion follows pursuant to Rule 84.24(k).

## I. Procedural Background

Franklin County ("County") is a first-class county without a charter form of government. Respondents here are the three members of the County's Board of Commissioners and the County's Auditor. The County is substantially responsible for financing the Circuit Court's operations, including operations of the Juvenile Court. Section 50.640, RSMo. This financial obligation of the County includes the non-discretionary constitutional and statutory duty to pay salaries and provide employee benefits appropriated in the Court budget for Juvenile Court employees. See Twentieth Judicial Circuit of State of Missouri v. Board of Commissioners of County of Franklin, 911 S.W.2d 626 (Mo. banc 1995).

The County's fiscal year ("FY") begins January 1 of each year. Section 51.010, RSMo. In August 2019, the Circuit Court provided the County Commission and Budget Officer with the Circuit Court's FY 2020 Court Budget Estimate ("CBE"), the parties met and conferred regarding that estimate, and the Circuit Court's FY 2020 CBE was submitted, amounting to $921,331.15. Sections 50.540, 50.640, 50.642, and 211.393.6.

On December 31, 2019, the County Commission adopted a FY 2020 budget in the total amount of $538,500.00 for the Circuit Court's budget. The County Commission did not appropriate the Circuit Court's FY 2020 CBE and the amount appropriated instead significantly

diverged from and underfunded items in the Circuit Court's FY 2020 CBE. The County Commission adopted the Circuit Court's FY 2020 CBE for each of the Circuit Court's departments except for the Juvenile Court departments. The County Commission also sent correspondence/emails directly to two Juvenile Court employees, a family court liaison employed for the past five years and a deputy juvenile officer employed for at least seven years, to terminate their employment and benefits. The two employees continued working without pay or benefits since such time. Relator alleges that Respondents refused to pay regular expenses of the Juvenile Court since the beginning of FY 2020.

Relator subsequently filed the current Petition for Writ of Mandamus, asserting the Respondents' failure to adopt and appropriate the Circuit Court's FY 2020 CBE, including the Juvenile Court Budget Estimate, violated the provision of Section 50.640, which provides for the avenue of relief with the Judicial Finance Commission ("JFC"). After reviewing the Petition and Suggestions in Support and exhibits provided, this Court issued a Preliminary Order in Mandamus on January 29, 2020. Respondents filed Suggestions in Opposition and an Answer to the Petition for Writ of Mandamus, as directed, on February 5, 2020, arguing that Section 211.393 governs the juvenile court portion of the circuit court's budget and Respondents are no longer required to pay for juvenile court employees because they should be State employees. Pursuant to Rule 84.24(i), this Court being fully informed has dispensed with the requirement of full briefing and oral argument in this matter.

## II. Discussion

"Those who cannot remember the past are condemned to repeat it," according to George Santayana.

A writ of mandamus may issue in limited circumstances; it is a hard and fast unreasoning writ, and is reserved for extraordinary emergencies. <u>Norvall v. Whitesell</u>, 605 S.W.2d 789, 791

3

(Mo. banc 1980). The function of the writ of mandamus is to enforce, not to establish, a claim of right; the office of the writ is to execute, not to adjudicate. State ex rel. Kiely v. Schmidli, 583 S.W.2d 236, 237 (Mo. App. W.D. 1979). To warrant control by mandamus, there must be an existing, clear, unconditional legal right in relator, and a corresponding present, imperative, unconditional duty upon respondent, and a default upon respondent therein. Id.

This situation is virtually identical to that in Twentieth Judicial Circuit of State of Missouri v. Board of Commissioners of County of Franklin, 911 S.W.2d 626 (Mo. banc 1995). The same court, albeit a different judge, delivered a budget estimate for the circuit court for fiscal year 1995, which included salaries for juvenile office employees. Id. at 627. The county reduced the circuit court's budget and attributed it to a reduction in the salaries of juvenile office employees. Id. The county did not request a review of the budget by the JFC. In a unanimous decision, the Supreme Court of Missouri made clear that a county must request a review of the budget by the JFC, and failure to request this relief is acceptance of "a clear, unequivocal and present duty to include [that] contained in [the] circuit court's budget estimate in the county's appropriations to the circuit court and to do so without modification." Id. at 628.

Section 50.640 provides in relevant part that:

1. . . . The estimates of the circuit court, including all activities thereof and of the circuit clerk, shall be transmitted to the budget officer by the circuit clerk. The estimates of the circuit clerk shall bear the approval of the circuit court. The budget officer or the county commission shall not change the estimates of the circuit court without the consent of the circuit court or the circuit clerk, respectively, but **shall appropriate in the appropriation order the amounts estimated as originally submitted** or as changed, with their consent.

2. If the county governing body deems the estimates of the circuit court to be unreasonable, the governing body may file a petition for review with the judicial finance commission on a form provided by the judicial finance commission after the estimates are included in the county budget....

Section 50.640 (emphasis in part).

4

The Missouri Supreme Court opinion provided guidance to the Commissioners of Franklin County and any other county commissions that may contemplate unilateral changes to the Court Budget Estimate and not avail themselves of pursuing relief through the Judicial Finance Commission. It stated in part:

> The circuit court contends that section 50.640 establishes a ministerial duty in the county to pay the amount in the circuit court's budget estimate for juvenile office employee salaries **unless the circuit court consents** to a change **or the county seeks relief before the judicial finance commission**. The circuit court is correct.
>
> Section 50.640 is clear and unequivocal. The circuit court has the sole power to set compensation for its employees and to require the county to pay those salaries. Absent the circuit court's consent to a lesser amount, the county "**shall appropriate** . . . the amounts estimated as originally submitted or as changed, with [the consent of the circuit court]." If the county believes the circuit court's budget estimate is unreasonable and the circuit court refuses to consent to a reduction, the county may seek relief before the judicial finance commission. **Failing that, the statute leaves the county no option but to appropriate the circuit court's budget estimate.**

Twentieth Judicial Circuit of State of Missouri, 911 S.W.2d at 628. (emphasis added).

If either the circuit court or the governing body of the county are dissatisfied with the determination, the statutes authorize review before the Missouri Supreme Court. Section 477.600.7; State ex rel. Twenty-Second Judicial Circuit v. Jones, 823 S.W.2d 471, 473 (Mo. banc 1992).

Furthermore, the Missouri Supreme Court considered the principles of separation of powers and the court's ability to perform its judicial functions in State ex rel. Weinstein, 451 S.W.2d 99, 102 (Mo. banc 1970). The court held that within the "inherent power of the Juvenile Court of St. Louis County, . . . is the authority to select and appoint employees reasonably necessary to carry out its function of care, discipline, detention and protection of children who come within its jurisdiction, and to fix their compensation." Id. (internal citations omitted). The Court additionally commented on the application of the Judicial Code in Section 211.011 et seq.,

5

that "[i]n order that the Court may administer justice under the Juvenile Code, it is essential that it control the employees who assist it." Id.

Here, the County Commission failed to comply with Section 50.640, RSMo. The County Commission did not obtain the Circuit Court's consent before changing the amounts in the Circuit Court's FY 2020 CBE. Section 50.640.1, RSMo. Also, the County Commission failed to pursue relief with the Judicial Finance Commission that it deemed the estimates in the Court's FY 2020 CBE to be unreasonable and place an amount equal to the difference between the estimates of the Circuit Court and the amounts deemed reasonable by the County Commission in a separate escrow account. Section 50.640.2, RSMo. **"Failing that, the statute leaves the county no option but to appropriate the circuit court's budget estimate."** Twentieth Judicial Circuit of State of Missouri, 911 S.W.2d at 628. (emphasis added).

Respondents argue that Section 211.393.6 regarding "maintenance of effort funding" ("MOE") exempts the County Commission from following the procedures of 50.640. In fact, the Cooper County decision rendered by the Missouri Supreme Court exemplifies the proper procedure followed by the Cooper County Commission when it had a budget dispute with the circuit court: it filed a petition for review with the JFC. Cooper County v. Circuit Court of 18th Judicial Circuit of Missouri, 124 S.W.3d 466 (Mo. banc 2004). Section 211.393.6 specifically states that "[t]he county commission may review such budget and may appeal the proposed budget to the judicial finance commission pursuant to section 50.640." The Cooper County Commission filed its Petition for Review with the JFC against the Eighteenth Judicial Circuit just as this statute contemplates. Id. In its opinion, the Supreme Court discussed the issue of whether the circuit court could add an employee's salary plus attorney's fees for litigation to its 2003 budget estimate, and, citing Section 50.640.1, noted that the circuit court submitted the budget estimate to Cooper County and then the "County **shall** appropriate 'the amounts estimated as

6

originally submitted. . . ." Id. at 467 (emphasis added). Because it disagreed with the circuit court's budget estimate, the Cooper County Commission petitioned the judicial finance commission for review of reasonableness pursuant to Section 50.640.2, a mandatory procedure which Respondents chose to ignore in this case.

The Supreme Court further reviewed the procedure in that the JFC is charged with "mediating, and if necessary, adjudicating circuit court budget disputes." Id. (citing In re The 1983 Budget for the Circuit Court of St. Louis County, Mo., 665 S.W.2d 943, 944 (Mo. banc 1984) and Section 50.642.2). While the circuit court has the burden to prove to the JFC that items included in its estimated budget are reasonable, the JFC then determines the reasonableness by evaluating "the discrete and concrete elements proposed for it through which the item is given meaning." Id., citing Bosley v. Berra, 688 S.W.2d 353, 355 (Mo. banc 1985). After the JFC decides, the Missouri Supreme Court then reviews the JFC decision *de novo*, but "does not engage in any close reconsideration of the Commission's conclusions with respect to reasonableness of circuit court expenditures where the basis for such conclusions is apparent from the record." Id., citing Section 447.600.7 and Bosley, 688 S.W.2d at 354.

Although the Cooper County decision mentioned that the JFC, "ruling as a matter of law," did not require the county to fund the juvenile officer's salary based on the enactment of Section 211.393 by the General Assembly in 1998, which generally changed juvenile court employees in multicounty circuits to become state employees, the Supreme Court stated that the county may have to pay the salary anyway based on an exclusion in the definition of "juvenile court employees." Id. at 467-68. Ultimately, the Supreme Court remanded the case to the JFC because it did not determine the reasonableness of specific elements. Id. at 469.

"[T]he primary rule of statutory construction is to ascertain intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their

7

plain and ordinary meaning." Wolff Shoe Co. v. Dir. of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Under the statutory construction of *in pari materia*, statutes that relate to the same subject matter are to be read together to determine their meaning. KC Motorcycle Escorts, L.L.C. v. Easley, 53 S.W.3d 184, 187 (Mo. App. W.D. 2001). The MOE statute, Section 211.393.6, read "in pari materia" with Section 50.640, does not eliminate the need for a petition for review with the judicial finance commission if the county wishes to dispute a circuit court's budget.

Respondents argue that the JFC's holding in the Cooper County case on remand, Respondent's Exhibit A, is dispositive here.[1] See In Re: Circuit Court Budget of the 18th Judicial Circuit of the State of Missouri, Nos. 03-00064, 04-00066, (Judicial Finance Commission, State of Missouri, May 26, 2004) ("Cooper County Remand"). Even the Cooper County Remand decision clearly states that the county, as governing body, deemed the budget estimate unreasonable and "properly filed a petition for review with the Commission pursuant to section 50.640, RSMo 2000, and the Commission now so rules." Cooper County Remand at 2-3. Without such procedure, we have no way to compare the JFC's opinion here to the commission's "reasonableness" considerations listed in subsection 2 of Section 50.640, such as the "expenditures necessary to support the circuit court in relation to the expenditures necessary for the administration of all other county functions, the actual or estimated operating deficit or surplus from prior years, all interest and debt redemption charges, all capital project expenditures, and the total estimated available revenues from all sources available for financing the proposed expenditures." We find the JFC review is mandated and necessary.

Therefore, the Preliminary Order in Mandamus is hereby made permanent. Relator has sufficiently demonstrated its claim of right to an appropriation of "the amounts estimated as

---

[1] Respondents cite no authority, nor have we found any, standing for the proposition that past JFC decisions are binding on this Court.

8

originally submitted . . . . in its estimated budget" pursuant to Section 50.640.  Respondents are hereby ordered to:

a.  Immediately appropriate the total FY 2020 Court's Budget Estimate as submitted by the Court in the amount of $921,331.15, including the amount budgeted for the Juvenile Court departments in the amount of $716,346.15; and

b.  Disburse the FY 2020 Court Budget as appropriated in the amounts and according to the directions of the Court including, but not limited to, immediately paying salaries and providing employee benefits to Juvenile Court personnel, including Ms. Elizabeth Carr and Ms. Cynthia D'Onofrio and paying other expenses of the Juvenile Court as they arise; and

c.  Such shall be made retroactive to January 1, 2020.


_____
ROY L. RICHTER, Acting Presiding Judge

Lisa P. Page, Judge, concurs.
Sherri B. Sullivan, Judge, concurs.

9