**In re The 1984 BUDGET FOR the CIRCUIT COURT OF ST. LOUIS COUNTY, Missouri,**

**ST. LOUIS COUNTY, County Executive Gene McNary and Members of the St. Louis County Council, Petitioners,**

**v.**

**Shulamith SIMON, Godfrey P. Padberg, et al., Intervenors-Respondents.**

No. 66127.

Supreme Court of Missouri, En Banc.

April 2, 1985.

Rehearing Denied April 30, 1985.

Thomas W. Wehrle, Christopher J. McCarthy, Clayton, for petitioners.

Shulamith Simon, Mark G. Arnold, Godfrey P. Padberg, Michael J. Coleman, St. Louis, for intervenors-respondents.

HIGGINS, Judge.

Petitioners St. Louis County, County Executive Gene McNary, and members of the County Council seek review of the Commission's decision that the County is obligated to pay attorneys' fees incurred by respondent Twenty-First Judicial Circuit of St. Louis County, the Circuit Court of St. Louis County, and respondent Judge William M. Corrigan, in defense of two federal civil rights actions. Intervenors-respondents Shulamith Simon and Mark Arnold of the firm of Husch, Eppenberger, Donohue, Elson & Cornfeld, and Godfrey Padberg of the firm of Padberg, McSweeney, Slater & Merz, represented the Circuit Court and Judge William M. Corrigan in the actions. The decision of the Commission is affirmed.

In its 1984 budget, the Circuit Court requested, and the County declined to provide, the following items: funding in the amount of $55,603.02, for payment of the Circuit Court's attorneys' fees in the cause styled *Kathleen Marafino v. Circuit Court of St. Louis County*, 537 F.Supp. 206 (E.D.Mo.1982), *aff'd*, 707 F.2d 1005 (8th Cir.1983); funding in the amount of $44,-254.22 for the payment of the Circuit Court's attorneys' fees in the cause styled *Mary Susan Goodwin v. William M. Corrigan, et al.*, 555 F.Supp. 658 (E.D.Mo. 1982), *aff'd in part and vacated in part*, 729 F.2d 541 (8th Cir.1984), and; funding in the amount of $26,613.95 for the payment of the attorneys' fees of Judge William M. Corrigan, separately named as a defendant in the *Goodwin* case.

The *Marafino* case sought relief against the Circuit Court in its official capacity and against St. Louis County. The specific relief prayed included back pay, attorneys' fees, and an order requiring defendants to employ plaintiff as a staff attorney in the Juvenile Court. The Circuit Court retained Shulamith Simon and the firm of Husch,

Eppenberger, Donohue, Elson & Cornfeld as its counsel. St. Louis County adopted the brief prepared by that law firm for the Circuit Court on appeal. The County's attorney was present during the trial, but the Circuit Court's attorney handled the trial. The County rejected an out-of-court settlement in the *Marafino* case. The District Court entered its judgment in favor of defendants and the United States Court of Appeals for the Eighth Circuit affirmed.

The *Goodwin* case sought relief against Judge William Corrigan individually and against the Circuit Court in its official capacity. The specific relief sought included attorneys' fees and an order reinstating plaintiff as a hearing officer in the Juvenile Court; her job had been eliminated during the 1979–1980 court reorganization and she had been reassigned. The court sustained the motion to dismiss of St. Louis County, originally a separate defendant in the case, and it was named later as a defendant on a third party complaint filed by the Circuit Court seeking indemnification for any monetary award entered against the Circuit Court. The St. Louis County Counselor entered his appearance for St. Louis County, the Circuit Court and Judge Corrigan, then subsequently withdrew as attorney for the Circuit Court and Judge Corrigan. The County Counselor advised the Circuit Court that the County would not pay a judgment entered against the Circuit Court or any judge of the Court in the *Goodwin* case. The Circuit Court retained Shulamith Simon and the firm of Husch, Eppenberger, Donohue, Elson & Cornfeld to represent the Circuit Court, in its official capacity, in defense of this action. Because the Attorney General informed Judge Corrigan that his office could not represent him, Judge Corrigan retained Godfrey Padberg and the firm of Padberg, McSweeney, Slater & Merz to represent him individually in the *Goodwin* case. The suit consisted of a Title VII Count which was heard by the judge and a section 1983 Count which was tried before a jury. The jury found in favor of the plaintiff and against defendant

Corrigan. The District Court subsequently issued its judgment, finding in favor of plaintiff and against the Circuit Court, and finding in favor of the Circuit Court on its third party complaint against St. Louis County. On appeal to the United States Court of Appeals for the Eighth Circuit, the court found in favor of plaintiff and against defendant Corrigan but remanded the claim against the Circuit Court and the County to the trial court for reconsideration of the proper allocation of burden of proof. On remand, the District Court again entered judgment for plaintiff, and on the second appeal, the Eighth Circuit upheld the finding of the District Court and held that the County was required to pay the judgment against the Circuit Court on the Title VII claim. 741 F.2d 1087 (8th Cir.1984), *cert. denied, Corrigan v. Goodwin,* —— U.S. ——, 105 S.Ct. 112, 83 L.Ed.2d 55 (1984), and *cert. denied, St. Louis County v. Circuit Court of Twenty-First Judicial Circuit,* —— U.S. ——, 105 S.Ct. 1194, 83 L.Ed.2d 339 (1985).

The County did not receive the actual bills for the attorneys' fees in question, but did receive a budget request for payment of the fees; it did not request from the Circuit Court additional documentation for the budget request for attorneys' fees. Shulamith Simon and the firm of Husch, Eppenberger, Donohue, Elson & Cornfeld have previously represented the Circuit Court in matters involving budget disputes with St. Louis County and the right of control over the employees and facilities of the Juvenile Court. In each of these prior instances, the bills submitted by counsel were paid by St. Louis County.

In this instance, St. Louis County filed a complaint with the Judicial Finance Commission, seeking a determination that the County is not obligated to provide funding for the requested attorneys' fees. After an unsuccessful settlement conference held pursuant to section 50.640.2, RSMo Cum. Supp.1984, the Commission held a hearing and issued findings of fact and conclusions

of law. The Commission held that the fees for legal representation are a reasonably necessary expenditure of the Circuit Court which the County must fund; petitioners filed this petition for review.

Petitioners contend the Commission erred in holding that respondents demonstrated the reasonableness and necessity of the budget requests because the attorneys' fees in question are not expenditures the County is legally obligated to pay under section 476.270, RSMo 1978; payment, if forthcoming, is an obligation of the state; payment of the attorneys' fees is a state mandated increase in the level of activity, or is a new activity, required of the County for which the state has not appropriated funds necessary to provide the activity, as required by Mo. Const. art. X, § 21 (the Hancock Amendment); the Commission is without authority to fund the requested "increase" because its order contravenes Mo. Const. art. X, § 21; respondents failed to comply with the law governing contracts with the County and to seek authorization for the expenditures by conventional means; and, the amounts charged are excessive and unreasonable. Petitioners further contend that payment of Judge Corrigan's fees constitutes a personal benefit to him that conflicts with the requirement that the County exercise its taxing authority only for public, county purposes and the prohibition contained in Mo. Const. art. VI, § 25, against grants of public funds to private individuals.

■ In reviewing the decision of the Judicial Finance Commission, this Court considers the role of the Commission as prescribed by the legislature. The General Assembly created the Commission in 1982 and empowered it to resolve budget disputes between counties and circuit courts. *In re The 1983 Budget for the Circuit Court of St. Louis County*, 665 S.W.2d 943, 944 (Mo. banc 1984). Pursuant to section 477.600.7, RSMo Cum.Supp.1984, this Court reviews the decision of the Commission de novo, but accords its conclusions regarding reasonableness of circuit court expenditures that degree of deference due in view of its legislative genesis and statutory functions. *Bosley v. Berra*, 688 S.W.2d 353 (Mo. banc 1985).

■ The record supports the determination of the Commission that the attorney's fees incurred by the circuit court in its official capacity in *Marafino* and *Goodwin* are a reasonably necessary expenditure of the court. Section 476.270, RSMo 1978, provides that "[a]ll expenditures accruing in the circuit courts ... shall be paid out of the treasury of the county in which the court is held...." Under judicial interpretation of this provision "expenditures" means lawful expenditures, defined as follows:

1. Those the General Assembly has fixed by statute or absolutely reposed in the court's discretion.

2. Those the local government unit ..., which is required to provide the funds to meet such expenditures, may have authorized previously, with or without request.

3. Those reasonably necessary for the court to carry out its functions.

*State ex rel. Judges for the Twenty-Second Judicial Circuit v. City of St. Louis*, 494 S.W.2d 39, 41 (Mo. banc 1973). The attorneys' fees in question come within 2. and 3. above.

The County has a history of paying attorneys' fees to intervenor Simon and the firm of Husch, Eppenberger. *State ex rel. Judges for the 21st Judicial Circuit v. St. Louis County*, 603 S.W.2d 545 (Mo. banc 1980); *In re 1980 Budget of Circuit Court of St. Louis County*, 601 S.W.2d 10 (Mo. banc 1980); *In re 1979 Budget of Juvenile Court of St. Louis County*, 590 S.W.2d 900 (Mo. banc 1979); *State ex rel. St. Louis County v. Edwards*, 589 S.W.2d 283 (Mo. banc 1979); *In re 1976 Budgets of Circuit Court, et al.*, Nos. 59, 426 (Mo. banc 1976). Both actions arose from the exercise of

judicial discretion in connection with the official administrative duties of the judges, and challenged control of the juvenile court by the circuit court. This Court previously recognized the importance of control over juvenile court employees to the administration of justice. *State ex rel. St. Louis County v. Edwards*, 589 S.W.2d 283, 289–290 (Mo. banc 1979); *State ex rel. Weinstein v. St. Louis County*, 451 S.W.2d 99, 102 (Mo. banc 1970). The expenditure for fees incurred in defense of these actions was reasonably necessary for the court to carry out its functions.

■ The County cannot avoid its obligation to fund these expenditures by arguing that payment is an obligation of the state. The State Legal Defense Fund, section 105.711, RSMo Cum.Supp.1984, became effective September 28, 1983, after intervenors rendered the services for which the instant funding request was made. Petitioners also cite section 478.023, RSMo Cum.Supp.1984, in support of their contention that the state must pay the attorneys' fees in question. Section 478.023 authorizes state payment of only "salaries and expenses herein provided for" circuit judges; the section has no application here, particularly where a separate statute governs. § 476.270, RSMo 1978.

Article X, section 21 of the Missouri Constitution (the Hancock Amendment) provides in pertinent part:

> A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agencies of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.

Petitioners characterize payment of the attorneys' fees in question as a state mandated increase in the level of activity, or a new activity, imposed on the County for which the state has not appropriated funds neces-

sary to provide the activity as required by the Hancock Amendment. Intervenors maintain the circuit court is not a "state agency" within the meaning of article X, section 21; they argue alternatively that payment of the fees does not constitute a new activity or an increase in the level of activity required of the County. The Commission agreed with the interpretation of intervenors on both issues.

Assuming the expenditure is an "activity," it is not a "new or an increased level of activity." It is therefore unnecessary to address whether the circuit court is a "state agency" within the meaning of the Hancock Amendment. That the County has appropriated funds for payment of private attorneys' fees for the circuit court before and after adoption of the Hancock Amendment belies its contention that this is a new activity. Nor is payment of attorneys' fees incurred in *Marafino* and *Goodwin* an "increase in the level of any activity or service." *Boone County Court v. State*, 631 S.W.2d 321 (Mo. banc 1982), cited by petitioners, is inapposite. There, the General Assembly mandated an annual salary increase for county collectors whose salaries are paid by the county. As the Commission observed, "[a]dequate representation against legal attack may be more costly than in the past," but the costs of representation in these two lawsuits arise from the ongoing operations of the circuit court and represent three items in a series of appropriations of funds when necessary for the legal defense of the court.

■ Petitioners' claim that the Hancock Amendment prohibits the Commission from mandating payment from the County is without merit. The Commission correctly described its role: "to determine, by mediation or, if necessary, adjudication, the reasonableness of the disputed budget requests when the parties involved cannot reach agreement on that point." §§ 50.640.2 & 477.600, RSMo Cum.Supp.1984; *In re The 1983 Budget*, 665 S.W.2d at 944. The authority to mandate or compel pay-

ment lies with the courts. *See State ex rel. Weinstein v. St. Louis County,* 421 S.W.2d 249, 255 (Mo. banc 1967), *overruled on other grounds, State ex rel. Weinstein v. St. Louis County,* 451 S.W.2d 99 (Mo. 1970).

■ Petitioners argue respondents failed to comply with the law governing contracts with the County and to seek authorization for the expenditures by conventional means. Intervenors answer that the County was not a party to the contracts. This Court agrees because intervenors entered into a contract for legal services with the circuit court and section 432.070, RSMo 1978, pertaining to contracts with the county, is not controlling. Petitioners cite *County of St. Francois v. Brookshire,* 302 S.W.2d 1 (Mo.1957). The circumstances of *County of St. Francois* distinguish it from the instant case, because there the attorney retained purported to represent the county. Petitioners do not define "conventional means," and from the record in this case it appears respondents followed the procedure previously utilized to request payment of similar expenditures.

The last challenge to payment of the fees incurred in *Marafino* and *Goodwin* is an assertion that the amounts of the fees are excessive and unreasonable. The Commission noted that the County did not specifically object to the amount of the fees in the proceedings before the Commission, but that body heard testimony and accepted evidence supporting the amounts billed. The Commission also found that the attorneys adjusted the sums billed here to reduce the burden on the public clients. Absent any evidence to the contrary, the Court accepts that the fees charged for representation were not unreasonable or excessive.

■ The foregoing answers all but one of the arguments against payment of the attorneys' fees of respondent Corrigan, sued individually in *Goodwin.* Petitioners contend that payment constitutes a person-al benefit to respondent judge. Petitioners cite various provisions restricting the exercise of the County's taxing authority to public, county purposes and prohibiting grants of public funds to private individuals. The strength of this contention depends upon whether respondent judge incurred the expenditures in the defense of allegations asserted against him in his judicial capacity.

■ In finding these expenditures proper expenditures of the circuit court, the Commission reasoned that *Goodwin* involved reassignment of a juvenile court hearing officer within the court system. "Traditionally, judges have shouldered the responsibility of appointing and removing officers whose existence is necessary to the court." Under Missouri law, personnel decisions regarding court staff involve the exercise of judicial discretion. *Pogue v. Swink,* 365 Mo. 503, 284 S.W.2d 868, 872 (1955). *See State ex rel. Weinstein v. St. Louis County,* 451 S.W.2d 99, 101–102 (Mo. banc 1970). The Court agrees with the determination of the Commission that expenditures arising from a lawsuit that results from the exercise of judicial authority and discretion are proper expenditures of the circuit court, incurred on behalf of the court and not merely a personal benefit to the judge.

Particularly because there is no record of prior payment to intervenor Padberg and the firm of Padberg, McSweeney analogous to the past appropriations for intervenor Simon and Husch, Eppenberger, it could be argued that respondents should have made earlier efforts to persuade the County of the reasonableness of this budget request; this is true notwithstanding intervenors' position that any effort would have been futile. Three factors attending this budget request nevertheless support affirmance of the conclusion reached by the Commission that the request was a reasonably necessary expenditure of the court. First, the County, originally a named defendant in *Goodwin,* was on notice as to the existence

of the action and the withdrawal of the County Counselor as attorney for respondent Corrigan. Second, the Commission recognized the adversary relationship between respondent judge and the County that existed throughout this litigation and created a question of conflict of interest on the part of the County had it represented him. Third, the conflict of interest combined with the refusal by the Attorney General to undertake respondent judge's defense led the Commission to conclude that alternative representation was not available to respondent. The Court agrees, deferring to the findings and conclusions of the Commission regarding the reasonableness and necessity of the request for private counsel fees.

Accordingly, the decision of the Judicial Finance Commission is affirmed.

All concur.