**PARKTOWN IMPORTS, INC., Appellant,**

v.

**AUDI OF AMERICA, INC., Respondent.**

No. SC 89611.

Supreme Court of Missouri, En Banc.

March 17, 2009.

Edwin G. Harvey, Matthew J. Landwehr, Thompson Coburn LLP, St. Louis, MO, for Appellant.

Randall L. Oyler, James R. Vogler, Rachael M. Trummell, Rebecca Ray, Barack Ferrazzano Kirshbaum Nagelberg, LLP, Chicago, IL, David M. Harris, Dawn M. Johnson, Robert L. Duckels, Greensfelder, Hemker & Gale, P.C., St. Louis, MO, for Respondent.

ZEL M. FISCHER, Judge.

Parktown Imports, Inc. appeals the Administrative Hearing Commission's ("AHC") decision to grant Audi of America, Inc.'s motion to dismiss Parktown's claim that Audi's establishment of a new Audi franchise was capricious, in bad faith and unconscionable. In reaching its decision, the AHC found that § 407.817, RSMo Supp. 2007,[1] was the only statute under which a franchisee could challenge the establishment of a new motor vehicle dealership within a relevant market area where the same line-make is represented and that the AHC was without jurisdiction to grant the relief requested because Parktown had brought its challenge under § 407.825(1). On appeal, Parktown claims that the AHC erred when it sustained Audi's motion, arguing that §§ 407.817 and 407.825(1) are not in conflict and that it is entitled to bring its claim against Audi under § 407.825(1).

### Facts

This case stems from Audi's decision to grant Frank Bommarito Oldsmobile a franchise to establish a new Audi dealership in the western part of St. Louis County. Prior to the establishment of this new dealership, the only authorized Audi dealers in the St. Louis area were Parktown and Plaza Motors, Inc.

Leading up to the establishment of the third dealership, in September 2004, Audi notified Parktown and Plaza Motors that it had determined, through market research, that St. Louis could support a third dealership and that it was considering opening a new dealership in west St. Louis. Parktown replied that it had no interest in relocating and that it did not believe St. Louis could support a third dealership. Plaza Motors also declined the invitation.

In May 2005, Audi informed Parktown that if it built a new stand-alone facility designed by Audi, then Audi would abandon its plans for adding a third dealership in the St. Louis area. Parktown met with Audi at its corporate headquarters and rejected the offer. At the meeting, Audi suggested that if Parktown bought Plaza Motors, Audi would grant Parktown the right of first refusal on a new dealership, sustaining the number of Audi dealers in St. Louis at two. Parktown rejected both proposals.

In fall 2005, Audi told Parktown that it was no longer pursuing a third dealership in the St. Louis area.

In September 2006, Audi made a failed attempt to buy Plaza Motors. Upon its

---

1. All statutory references are to RSMo Supp. 2007, unless otherwise noted.

failure, Audi advised Parktown and Plaza Motors of its decision to establish a third dealership in the west St. Louis area. On March 20, 2007, Audi notified Parktown that it had awarded the new dealership to Bommarito. The new dealership would be located on the same road, approximately 10 miles east of Parktown's existing location.

On March 23, 2007, Parktown filed a complaint with the AHC to challenge the establishment of the Bommarito dealership under § 407.825(1), alleging that Audi's decision to establish a new dealership was not motivated by proper business considerations, but, rather, was a capricious, bad faith, or unconscionable retaliation against Parktown for refusing to move its existing facilities.

On April 13, 2007, Audi moved to dismiss Parktown's complaint. The AHC granted Audi's motion on May 10, 2007, finding that it was without jurisdiction because § 407.817, and not § 407.825(1), was the proper statute to challenge the establishment of a new dealership. The AHC also concluded that § 407.817, the later enacted and specific remedy for challenging the establishment of a new motor vehicle dealership, controls over the general provision, § 407.825(1).

After opinion by the court of appeals, this Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10.

## Standard of Review

■ Whether the AHC properly sustained Audi's motion to dismiss is a question of law. Questions of law are reviewed de novo. *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 22 (Mo. banc 2003).

## Analysis

At the outset of this analysis, it is important to note that this case does not present any jurisdictional issue. Section 407.820 provides the AHC jurisdiction to hear claims of franchisees against franchisors who transact business within Missouri. In sustaining the motion to dismiss, the AHC was merely ruling that it did not have statutory authority to grant the relief requested under the facts as pled. The resolution of the motion to dismiss turns on whether Parktown has authority to file a claim under § 407.825(1) to protest the establishment of a new franchise or, in the alternative, whether § 407.817 governs the process.

Section 407.825(1) was enacted in 1980 as part of the original motor vehicle franchise practices act ("MVFPA"). Section 407.825(1) creates a general cause of action against a franchisor for conduct that is "capricious, in bad faith, or unconscionable," causing damage to a franchisee.

Section 407.817 was enacted in 2001 as a framework to address the rights and obligations of franchisors and franchisees with respect to adding new dealerships.

■ The rules of statutory interpretation are not intended to be applied haphazardly or indiscriminately to achieve a desired result. Instead, the canons of statutory interpretation are considerations made in a genuine effort to determine what the legislature intended. This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue. *State ex rel. White Family P'ship v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008). Other rules of statutory interpretation, which are diverse and sometimes conflict, are merely aids that allow this Court to ascertain the legislature's intended result. *Edwards v. St. Louis County*, 429 S.W.2d 718, 722 (Mo. banc 1968). *See also Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc

2008) (providing construction of statutes is not to be hyper-technical, but reasonable and logical and to give meaning to the statutes).

■ Having no regard for result-oriented jurisprudence and having made a genuine effort to determine the legislature's intent from the actual words contained in these statutes, the legislature's intent is not difficult to discern. This Court affirms the AHC's determination that § 407.817 is the sole and exclusive authority for challenging the establishment of a new motor vehicle dealership under the MVFPA.

Section 407.817 is the only section of the MVFPA that addresses the rights and obligations of franchisors and franchisees with respect to adding new dealerships. Specifically, § 407.817 provides that, in a county with a population greater than 100,000, those franchisees within a six-mile radius of the proposed location are entitled to notice of the proposed location and the opportunity to a hearing to determine good cause for opening the proposed new location. The legislature's intent is clear: When the population reaches a certain saturation level within a six-mile radius, franchisees within that six-mile radius are entitled to the protections of § 407.817. Outside of that six-mile radius, the legislature intended the open market to govern itself.

Parktown, however, argues that §§ 407.817 and 407.825(1) are not in con- flict because neither statute addresses the same issue. Parktown argues that § 407.817 is merely the procedural mechanism for challenging the establishment of a new franchisee location whereas § 407.825(1) contemplates a cause of action for a franchisor's egregious behavior.[2]

Parktown argues this Court should write an opinion that attempts to harmonize §§ 417.825(1) and 407.817 and leave pending the litigation between these parties for a determination by the AHC as to whether Parktown can prove that Audi was acting in a "capricious, in bad faith or unconscionable" manner in its decision to establish a third dealership in the St. Louis area. To do so, would be tantamount to judicial side-stepping of the legislature's clear intent that § 407.817 be the sole mechanism to bring challenges to the establishment or relocation of new motor vehicle dealerships.

■ The relief requested in Parktown's complaint was a "final Order that [Audi] cannot open and award the proposed third point of sales to Bommarito Automotive Group and that all such contracts and agreements related to this transaction are void." Section 407.817 governs this subject matter specifically. Parktown has no authority to contest the establishment of the third dealership under § 407.817 due to its location approximately 10 miles from the proposed new dealership. Allowing Parktown to bring a claim under

---

2. Section 407.817, added to the MVFPA in 2001, comprehensively addresses how a franchisee can protest a franchisor's decision to add an additional sales point within a relevant market area. But even if § 407.825(1) were to address this same issue, § 417.817 would control because it is the specific statute on the issue. A specific statute controls over a more general statute where both statutes purport to address the same issue. *State ex rel. Fort Zumwalt School Dist. v. Dickherber*, 576 S.W.2d 532, 536–37 (Mo. banc 1979).

Additionally, a later-enacted statute, which functions in a specific manner, will prevail over an earlier-enacted statute of a general nature. *Goldberg v. State Tax Com'n*, 639 S.W.2d 796, 805 (Mo. banc 1982). As noted above, § 407.825(1) was enacted in 1980 as part of the original MVFPA. Although § 407.825(1) has been revised several times, including in 2001, its basic language has remained unchanged. Section 407.817, a later-enacted, specific statute, controls the general statute, § 407.825(1), even as amended.

§ 417.825(1), solely on the basis of Audi establishing a new motor vehicle dealership, would abrogate policy decisions made by the legislature in enacting § 407.817. The legislature is the proper branch of government to weigh the policy decisions of the MVFPA. After consideration of this subject matter, the legislature enacted § 407.817, which built into the MVFPA procedures that benefit both franchisors and franchisees.[3]

### Conclusion

For the reasons set forth above, this Court affirms the AHC's decision.

STITH, C.J., PRICE, TEITELMAN, WOLFF and BRECKENRIDGE, JJ., and STOLL, Sp.J., concur. RUSSELL, J., not participating.

---

**3.** Section 407.825(1) remains an integral part of the MVFPA to ensure that franchisors do not conduct business in a capricious, bad faith, or unconscionable manner.