IN RE: CIRCUIT COURT BUDGET OF THE 45TH JUDICIAL CIRCUIT OF THE STATE OF MISSOURI,

LINCOLN COUNTY COMMISSION, Dan Colbert, Presiding Commissioner, Eugene Galloway, Commissioner, Dist. 1, Matt Bass, Commissioner, Dist. 2, Respondent,

v.

FORTY-FIFTH JUDICIAL CIRCUIT, Presiding Circuit Judge, Appellant.

No. SC 95791

Supreme Court of Missouri, en banc.

Opinion issued June 27, 2017

Rehearing Denied September 12, 2017

The 45th circuit was represented by Robert J. Guinness of Guinness & Buehler LLC in St. Charles, (636) 947-7711.

The county commission was represented by Neil J. Bruntrager of Bruntrager & Billings PC in St. Louis, (314) 646-0066.

Mary R. Russell, Judge

This case is a petition for review of a decision by the Judicial Finance Commission and concerns the reasonableness of the 45th Judicial Circuit Court's ("45th Circuit") 2016 budget as submitted to the Lincoln County Commission ("County Commission"). The Judicial Finance Com-

mission found $26,525 of the total requested budget estimate for attorneys' fees was speculative and unreasonable. The Judicial Finance Commission's decision is affirmed because $26,525, representing an estimate of future attorneys' fees, was an unreasonable budgetary request.

## Background

Over the last several years, the 45th Circuit has been involved in various litigation matters with the County Commission regarding the 45th Circuit's budget.[1] In December 2015, when the 45th Circuit submitted its budget estimate for 2016 to the County Commission as required by sections 50.540 and 50.640,[2] it included an estimate of $35,000 for attorneys' fees to represent the 45th Circuit in litigation or other legal matters for the year. The County Commission contested the $35,000 estimate and filed a petition for review in the Judicial Finance Commission pursuant to section 50.640.2. The parties agreed to submit the case to the Judicial Finance Commission by filing affidavits and briefs.

The Judicial Finance Commission, in a decision dated June 2, 2016, determined the attorneys' fees for $8,475 and $12,060 were reasonable as they were for attorneys' fees already incurred.[3] It ordered Lincoln County to pay the $8,475 from the 45th Circuit's budget and the $12,060 from the county's own budget. The Judicial Finance Commission reversed the remaining $26,525 of the $35,000 budget estimate for attorneys' fees. It concluded future potential attorneys' fees "are very different from most future expenses outlined in a proposed budget. Normally, future expenses such as salaries, rent, utilities, and supplies are regularly occurring and largely predictable." The Judicial Finance Commission concluded the budget request was "entirely speculative." Accordingly, it found the remaining $26,525 in the 45th Circuit's proposed budget to be unreasonable.

The 45th Circuit filed this petition for review of the Judicial Finance Commission's decision pursuant to section 477.600.7 and Supreme Court Operating Rule 12-23.01.[4]

## Standard of Review

■■■■ This Court reviews decisions by the Judicial Finance Commission *de novo*. Sec. 477.600.7. When reviewing such decisions, this Court "does not engage in any close reconsideration of the [Judicial Finance] Commission's conclusions with respect to reasonableness of circuit court expenditures where the basis for such conclusions is apparent from the record." *Cooper Cnty. v. Circuit Court of 18th Judicial Circuit of Mo.*, 124 S.W.3d 466, 467 (Mo. banc 2004). This holding is consistent with the statutory authority given to the Judicial Finance Commission to be the arbiter of budget disputes between county commissions and circuit courts. *Bosley v.*

1. The County Commission challenged the 2015 budget request to pay the salary of an attorney for the juvenile officer. In another action, the 45th Circuit sought a writ of mandamus to compel the County Commission to pay from the 45th Circuit's 2015 budget the salary of the court-appointed attorney for the juvenile officer. The issues in those matters are not before this Court.

2. All statutory citations are to RSMo 2000.

3. The former amount was incurred for representation in a previous case seeking a writ of mandamus to require payment of court-appointed counsel for the Lincoln County Juvenile Court Officer. The latter amount represents attorneys' fees incurred as of April 15, 2016, in the instant case before the Judicial Finance Commission.

4. This Court has jurisdiction to decide this case pursuant to article V, section 4 of the Missouri Constitution and section 477.600.7.

*Berra*, 688 S.W.2d 353, 354 (Mo. banc 1985). While this Court reviews the Judicial Finance Commission's decision *de novo*, deference is given to "its conclusions regarding reasonableness of circuit court expenditures." *In re 1984 Budget for Circuit Court of St. Louis Cnty.*, 687 S.W.2d 896, 899 (Mo. banc 1985).

## Analysis

■■■ The issue before this Court is the reasonableness of the 45th Circuit's estimate of $26,525 for prospective attorneys' fees included in its proposed 2016 budget. If a county's governing body believes the budget estimates from its circuit court are unreasonable, the county may file a petition for review with the Judicial Finance Commission pursuant to section 50.640.2. If such a petition for review is filed, the circuit court shall have the burden of establishing "that the amount estimated by it and included in the budget is reasonable." *Id.* It is the Judicial Finance Commission's duty to determine the reasonableness of a budget request by evaluating "the discrete and concrete elements proposed for it through which the item is given meaning." *Bosley*, 688 S.W.2d at 355. The Judicial Finance Commission must consider the following when making its reasonableness determination:

> [T]he expenditures necessary to support the circuit court in relation to the expenditures necessary for the administration of all other county functions, the actual or estimated operating deficit or surplus from prior years, all interest and debt redemption charges, all capital projects expenditures, and the total estimated available revenues from all sources available for financing the proposed expenditures.

Sec. 50.640.2.

■■■ The Judicial Finance Commission has the statutory authority to make factual determinations concerning a circuit court's budget. *State ex rel. Twenty-Second Judicial Circuit v. Jones*, 823 S.W.2d 471, 476 (Mo. banc 1992). "That duty includes the discretion to determine the reasonableness of part or all of any particular budget item, as well as the reasonableness of the total amount budgeted." *Id.* The following court expenditures have been found to qualify as reasonable:

1. Those the General Assembly has fixed by statute or absolutely reposed in the court's discretion.

2. Those the local government unit . . ., which is required to provide the funds to meet such expenditures, may have authorized previously, with or without request.

3. Those reasonably necessary for the court to carry out its functions.

*In re 1984 Budget for Circuit Court of St. Louis Cnty.*, 687 S.W.2d at 899 (omission in original). Attorneys' fees incurred to represent a circuit court have qualified under 2 and 3 above. *Id.* at 899-900.

The parties do not contest the Judicial Finance Commission's decision that the requested amounts of $8,475 and $12,060 for attorneys' fees were reasonable, as both amounts had accrued before the Judicial Finance Commission's decision on June 2, 2016. The Judicial Finance Commission found that obtaining payment for this prior legal representation was reasonably necessary for the 45th Circuit to carry out its function. It found, however, the remaining $26,525 requested for *prospective* attorneys' fees to be too speculative and unreasonable as no bills had been incurred for that amount.

As the standard of review requires, this Court will not "engage in any close reconsideration" of the Judicial Finance Commission's decision regarding the reasonableness of a circuit court's expenditures

when the basis for the decision is apparent from the record. *Cooper Cnty.*, 124 S.W.3d at 467. This Court accords the Judicial Finance Commission's decision a degree of deference regarding its conclusions of reasonableness of the 45th Circuit's expenditures for its 2016 budget. This deference is consistent with the legislative genesis and statutory functions of the Judicial Finance Commission as the arbiter of budget disputes between county commissions and circuit courts. *In re 1984 Budget for Circuit Court of St. Louis Cnty.*, 687 S.W.2d at 899; *Bosley*, 688 S.W.2d at 354. It is clear from this record the amount estimated for future attorneys' fees was a speculative and unreasonable budget request because those actions have not been brought and may never be brought.[5]

### Conclusion

The decision of the Judicial Finance Commission is affirmed.

Breckenridge, C.J., Fischer, Stith, Draper, and Wilson, JJ., concur.

Powell, J., not participating.

---

**5.** The 45th Circuit filed a motion with this Court on February 7, 2017, asking the Court to compel the County Commission, pursuant to section 476.270, to pay the attorneys' fees accrued since the case was submitted to the Judicial Finance Commission. Any attorneys' fees not billed at the time of the June 2, 2016, decision would require new evidence as to their reasonableness before the Judicial Finance Commission could approve them. Accordingly, because the subject fees arose after the Judicial Finance Commission's decision on June 2, 2016, the motion is overruled and the 45th Circuit must use the normal procedure to seek payment from the County Commission.