SUPREME COURT OF MISSOURI
 en banc

THE BOARD OF COMMISSIONERS OF ) Opinion issued April 6, 2021
THE COUNTY OF FRANKLIN, STATE )
OF MISSOURI, TIM BRINKER, )
PRESIDING COMMISSIONER, TODD )
BOLAND, FIRST DISTRICT )
COMMISSIONER, DAVID HINSON, )
SECOND DISTRICT COMMISSIONER, )
AND ANGELA GIBSON, AUDITOR OF )
THE COUNTY OF FRANKLIN, STATE )
OF MISSOURI, )
 )
 Appellants, )
 )
v. ) No. SC98442
 )
TWENTIETH JUDICIAL CIRCUIT OF )
THE STATE OF MISSOURI BY THE )
HONORABLE I.I. LAMKE, PRESIDING )
JUDGE, )
 )
 Respondent. )

 APPEAL FROM THE JUDICIAL FINANCE COMMISSION

 This case involves a petition for review of a decision by the Judicial Finance

Commission (“JFC”) and concerns the JFC’s order dismissing as untimely the Board of

Commissioners of Franklin County’s (“Franklin County Commission”) underlying

petition for review filed with the JFC. The Franklin County Commission argues its
petition should not have been dismissed because it had good cause to file the petition well

after the deadline set out in Court Operating Rule 12-9.05 and the JFC had authority to

hear the dispute. The Twentieth Judicial Circuit of the State of Missouri (“Twentieth

Circuit”) also has filed a motion for attorney fees with the Court for consideration in

conjunction with defending the Franklin County Commission’s petition. This Court has

jurisdiction under article V, section 4 of the Missouri Constitution and pursuant to section

477.600.7.1 For the reasons set forth below, the JFC’s dismissal of the Franklin County

Commission’s petition as untimely is affirmed, and the Twentieth Circuit’s motion for

attorney fees is overruled without prejudice.

 Background

 The Franklin County Commission and the Honorable I.I. Lamke (“Judge Lamke”)

of the Twentieth Circuit met in August 2019 to discuss the 2020 budget as required by

section 50.642. The Franklin County Commission informed Judge Lamke during this

meeting that Franklin County would provide only the statutorily required maintenance of

effort (“MOE”) funding for the Juvenile Division of the Twentieth Judicial Circuit

(“Juvenile Court”) and would no longer pay for the compensation to and benefits for two

employees whose services were performed solely for the Juvenile Court.

 When the Twentieth Circuit submitted its 2020 budget estimate shortly after this

meeting, the budget included funding by Franklin County for the Juvenile Court in the

amount of $716,346.15, which exceeded Franklin County’s MOE amount of $333,523.

1
 All statutory references are to RSMo 2016 unless otherwise noted.

 2
The Twentieth Circuit’s budget estimate for the Juvenile Court was divided into the

following historically used departments:

Juvenile Office (Dept. 285) $481,848.00
Juvenile Detention (Dept. 295) $80,100
Juvenile Diversion Grants (Dept. 296) $41,823.34
Family Court (Dept. 283) $112,575.00
 TOTAL $716,346.34

When Franklin County approved and adopted its fiscal year (“FY”) 2020 budget on

December 31, 2019, its budget appropriated only $333,523 for the Juvenile Court,

divided into the following historically used departments:

Juvenile Office (Dept. 285) $0
Juvenile Detention (Dept. 295) $0
Juvenile Diversion Grants (Dept. 296) $0
Family Court (Dept. 283) $333,523.00
 TOTAL $333,523.00

 After January 1, 2020, Franklin County refused to pay the Juvenile Court’s regular

expenses. These expenses included items that were in the budget estimate and for which

Franklin County historically had paid, such as the cost to serve summonses and travel

expenses for Juvenile Court employees. Judge Lamke attempted to resolve the situation

through discussion with the presiding commissioner, but as of January 22, 2020, Franklin

County had paid only $63 out of approximately $18,000 in submitted Juvenile Court

expenses.

 3
 On January 27, 2020, the Twentieth Circuit filed a petition for writ of mandamus

in the court of appeals challenging Franklin County’s allotted 2020 budget for the

Juvenile Court. The court of appeals entered a preliminary writ and, the day after the

Franklin County Commission filed its answer and suggestions in opposition, made the

writ permanent. This writ ordered Franklin County to appropriate and disburse the

amount requested by the Twentieth Circuit in its proposed budget for the Juvenile Court

and to retroactively pay the salaries and benefits for the two employees who worked

exclusively for the Juvenile Court. The court of appeals issued its opinion February 11,

2020.

 Thereafter, on February 18, 2020, the Franklin County Commission filed a petition

for review with the JFC. The Franklin County Commission argued that, pursuant to

section 211.393.6, Franklin County rightfully allocated only the MOE amount for the

Juvenile Court. The Franklin County Commission also argued that, pursuant to sections

211.382 and 211.393.3(3), Franklin County rightfully ceased payment of compensation

and benefits to the two employees working solely for the Juvenile Court. The Franklin

County Commission further asserted it had good cause that warranted filing for review

with the JFC outside the time limit in Court Operating Rule 12-9.05.

 On February 24, 2020, the JFC ordered the petition dismissed, finding that the

petition was untimely and that the JFC had no authority to grant the relief sought by the

Franklin County Commission due to the writ issued by the court of appeals. The Franklin

County Commission then filed its petition for review in this Court.

 4
 Analysis

 This Court reviews decisions by the JFC de novo. § 477.600.7. When reviewing

decisions by the JFC, this Court “does not engage in any close reconsideration of the

[Judicial Finance] Commission’s conclusions with respect to reasonableness of circuit

court expenditures where the basis for such conclusions is apparent from the record.”

Lincoln Cnty. Comm’n v. Forty-Fifth Jud. Cir., 528 S.W.3d 357, 358 (Mo. banc 2017)

(alteration in original) (quotation marks omitted). The issues presented in this appeal,

however, do not involve conclusions regarding the reasonableness of expenditures;

therefore, this Court will not defer to the JFC’s determinations.

 The Franklin County Commission argues the JFC erred in two ways: (1) in

dismissing its petition on the ground that the JFC lacked authority to hear the dispute, and

(2) in dismissing its petition on the ground that it was untimely. Each will be addressed

separately. If either finding by the JFC is correct, the JFC’s decision to dismiss must be

affirmed.

I. JFC’s Authority to Hear Petition

 In its February 24, 2020 order, the JFC stated: “because of the existing

superseding judgment and opinion of the Missouri Court of Appeals, Eastern District, in

ED108658, the Judicial Finance Commission is without authority to act on the petition

for review.” The Franklin County Commission argues this was in error because the court

of appeals did not address the merits of the dispute (i.e., whether Franklin County’s

funding obligations for the Juvenile Court portion of the Twentieth Circuit’s budget was

limited to the statutory MOE amount). Instead, the Franklin County Commission

 5
contends the court of appeals held only that the Twentieth Circuit was entitled to

mandamus relief because the Franklin County Commission had not filed a petition for

review with the JFC. The Franklin County Commission contends the court of appeals’

statement that “the JFC review is mandated and necessary” implies the ultimate

resolution of the dispositive issue lies with the JFC and this Court on review. The

Franklin County Commission also argues there is nothing in section 477.600 or the court

operating rules providing that the JFC’s authority can be disturbed by the court of appeals

ruling on a writ petition.

 The Franklin County Commission is correct: the court of appeals’ permanent writ

did not strip the JFC of authority to hear the dispute. The JFC’s authority is established

entirely by statute and rule. The JFC is “the arbiter of budget disputes between county

commissions and circuit courts.” Lincoln Cnty. Comm’n, 52 S.W.3d at 358. It is given

this authority by section 477.600 and Court Operating Rule 12. Nothing in the statute or

in the court operating rule allows for decisions by the court of appeals (or any other court

for that matter, except for this Court on appeal) to remove authority from the JFC to hear

budget disputes. Here, the court of appeals did not expressly seek to rescind whatever

authority the JFC had to resolve this dispute and it did not do so implicitly. The role of

the court of appeals was merely to enforce the status quo. Only the JFC (and this Court)

have authority to alter that status quo. Accordingly, the court of appeals’ issuance of the

writ did not alter or rescind the JFC’s authority to hear a timely petition by the Franklin

County Commission.

 6
II. Timeliness of the Franklin County Commission’s Petition

 Court Operating Rule 12-9.05 provides: “Except for good cause shown, a petition

shall be filed according to the following schedule: (a) Counties of the first classification

and charter counties, January 1 ….” Franklin County is a first-class county within the

State of Missouri, so – absent good cause – the Franklin County Commission’s deadline

to file a petition for review with the JFC was January 1, 2020. The Franklin County

Commission missed this deadline by 48 days.

 The Franklin County Commission first asserts its petition for review was timely

because it was not a reasonableness challenge under section 50.640 but rather a challenge

under section 211.393 contesting the Twentieth Circuit’s claim that Franklin County was

required to fund the Juvenile Court with an amount in excess of the MOE. Second, the

Franklin County Commission asserts it had good cause to file its petition for review with

the JFC after January 1, 2020, because the dispute over the MOE amount was not clear

until the Twentieth Circuit refused to accept Franklin County’s MOE allocation in early

January. The Franklin County Commission argues it did not formally approve its own

budget until December 31, 2019, which effectively foreclosed the ability to file a petition

for review with the JFC by January 1, 2020.

 The Franklin County Commission’s attempt to recharacterize its challenge is

without merit. Even though its petition is based on its assertion that it need never provide

funding in excess of its MOE amount, this necessarily is a reasonableness challenge.

Despite its claims to the contrary, the Franklin County Commission essentially argues it

 7
is unreasonable for the Twentieth Circuit to require Franklin County to provide more than

its MOE amount. Accordingly, this is a reasonableness challenge under section 50.640

and the January 1 deadline applied.

 Because it failed to file by the January 1 deadline, the Franklin County

Commission was required to show good cause to excuse its late filing. It failed to do so.

Although “good cause” is not defined in Court Operating Rule 12-9.05, Black’s Law

Dictionary defines it as “[a] legally sufficient reason.” Good cause, BLACK’S LAW

DICTIONARY (11th ed. 2019). The reason the Franklin County Commission provided is

not a legally sufficient one. Despite the Franklin County Commission’s arguments to the

contrary, the dispute over whether the Franklin County Commission would (or was

required to) provide funding in excess of its MOE amount was clear well before

January 1, 2020. At the latest, it was clear in August 2019 when, after a meeting in

which the Franklin County Commission announced its intent to provide only the MOE

amount, the Twentieth Circuit submitted its budget seeking funds exceeding that amount.

The Franklin County Commission’s choice to ignore the Twentieth Circuit’s budget and

allocate a lesser amount for the Juvenile Court on the last day of 2019 in hopes the

Twentieth Circuit would accept it, despite the Twentieth Circuit budgeting otherwise, is

not sufficient to support a finding of good cause as required by Court Operating Rule

12-9.05. For that reason, the JFC’s dismissal of the Franklin County Commission’s

petition as untimely is affirmed. 2

2
 The Franklin County Commission spends its third point relied on discussing the merits of its
argument that it was required to provide only the MOE amount to the Twentieth Circuit. This

 8
III. Twentieth Circuit’s Motion for Attorney Fees

 The Twentieth Circuit seeks an order from this Court requiring the Franklin

County Commission to pay the attorney fees and related expenses incurred by the

Twentieth Circuit in defending this action both before the JFC and in this Court. It

argues section 476.270 requires the Franklin County Commission to pay these fees

because Franklin County is one of the three counties comprising the Twentieth Circuit

and section 476.270 provides, in relevant part, that “[a]ll expenditures accruing in the

circuit courts … shall be paid out of the treasury of the county in which the court is held

….”

 In interpreting section 476.270 in In re 1984 Budget for Circuit Court of St. Louis

County, 687 S.W.2d 896, 899 (Mo. banc 1985), this Court held the term “expenditures”

means lawful expenditures, including “[t]hose reasonably necessary for the court to carry

out its functions.” Attorney fees can qualify as reasonably necessary expenditures. Id.

See also Lincoln Cnty. Comm’n, 528 S.W.3d at 359 (noting “[a]ttorney[] fees incurred to

represent a circuit court have qualified” as an expense reasonably necessary). The

Twentieth Circuit asserts the attorney fees it incurred to defend against the Franklin

County Commission’s time-barred petition were reasonably necessary for the Twentieth

Circuit to carry out its functions and, therefore, were payable by the Franklin County

Commission under section 476.270. Without commenting on the merits of the issue, this

Court need not – and does not – reach or resolve this point or the merits of the Franklin County
Commission’s challenge because the petition was filed out of time without good cause.

 9
Court must overrule the Twentieth Circuit’s motion because it is outside the scope of this

Court’s review under section 477.600.7.

 Section 477.600.7 makes clear this Court’s role in the JFC process is to review the

decisions made by the JFC once the JFC issues a written opinion or, as in this case,

refuses to entertain a petition filed before it. Here, unlike in In re 1984 Budget or Lincoln

County Commission, the JFC was not asked to – and did not – address whether the

Twentieth Circuit was entitled to have its attorney fees paid. Accordingly, because this

Court cannot consider a question neither presented to nor decided by the JFC, the

Twentieth Circuit’s motion is overruled without prejudice. It should seek payment from

the Franklin County Commission and, if payment is not made, seek review of that

decision as permitted by law.

 Conclusion

 For the reasons set forth above, the JFC’s dismissal of the Franklin County

Commission’s petition for review is affirmed, and the Twentieth Circuit’s motion for

attorney fees is overruled without prejudice.

 –––––––––––––––––––––––––––––––
 Paul C. Wilson, Judge

Draper, C.J., Russell, Powell, Breckenridge,
and Fischer, JJ., concur.

 10