

# SUPREME COURT OF MISSOURI
## en banc

THE BOARD OF COMMISSIONERS OF THE COUNTY OF FRANKLIN, STATE OF MISSOURI; TIM BRINKER, PRESIDING COMMISSIONER; TODD BOLAND, FIRST DISTRICT COMMISSIONER; DAVE HINSON, SECOND DISTRICT COMMISSIONER; and ANGELA GIBSON, AUDITOR OF THE COUNTY OF FRANKLIN, STATE OF MISSOURI,

       Appellants,

v.

TWENTIETH JUDICIAL CIRCUIT OF THE STATE OF MISSOURI, BY THE HONORABLE I.I. LAMKE, PRESIDING JUDGE,

       Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Opinion issued October 12, 2021*

No. SC99010

## APPEAL FROM THE JUDICIAL FINANCE COMMISSION

This case involves the Board of Commissioners of Franklin County's (hereinafter, "Franklin County Commission") petition for review, disputing whether the statutory "Maintenance of Effort" (hereinafter, "MOE") operates as a statutory cap on its obligation to fund the Twentieth Judicial Circuit Court's (hereinafter, "Twentieth Circuit") juvenile division. The Judicial Finance Commission (hereinafter, "JFC") dismissed the Franklin County Commission's petition and did not grant it leave to amend.

The Franklin County Commission argues its petition should not have been dismissed or, alternatively, it should have been granted leave to amend. This Court has jurisdiction under article V, section 4 of the Missouri Constitution and pursuant to section 477.600.7, RSMo 2016.[1] For the reasons set forth below, the JFC's dismissal of the Franklin County Commission's petition is affirmed.

## Background

The Twentieth Circuit submitted its proposed, total budget for fiscal year 2021 totaling $857,539. The funding for the Juvenile Division of the Twentieth Judicial Circuit (hereinafter, "Juvenile Division") portion of this budget was $637,458, including $52,108 for personnel services. As calculated pursuant to section 211.393.6, Franklin County's MOE for fiscal year 2021 would be $333,523.

The Franklin County Commission and the Honorable I.I. Lamke (hereinafter, "Judge Lamke") of the Twentieth Circuit met in August 2020 to discuss the 2021 budget as required by section 50.642. The Franklin County Commission informed Judge Lamke during this meeting that Franklin County would provide only the statutorily required MOE funding for the Juvenile Division. The Franklin County Commission and Judge Lamke met again in November 2020, attempting to resolve the budgetary dispute.

On December 18, 2020, the Franklin County Commission filed a petition for review with the JFC. The Franklin County Commission sought a declaration that it could not be compelled to allocate and pay more than the MOE funding for the Juvenile

---

[1] All statutory references are to RSMo 2016.

2

Division and it was not obligated to employ or pay Juvenile Division employees. In accordance with section 50.642, Franklin County appropriated the $637,458 for the 2021 budget for the Juvenile Division, with the difference between the requested amount and the MOE placed in escrow.

On February 11, 2021, the Twentieth Circuit moved to dismiss the petition. The Twentieth Circuit alleged the JFC cannot interpret the statute regarding MOE funding. Instead, the Twentieth Circuit argues the JFC can make determinations only as to the reasonableness of a disputed budget item, and the Franklin County Commission's petition did not state explicitly the Twentieth Circuit's budget was unreasonable or specifically request the JFC find certain budget line items unreasonable. The JFC ordered the Franklin County Commission to show cause why the petition should not be dismissed.

The Franklin County Commission responded, claiming the JFC has the authority to interpret statutes and determine issues of law and there were sufficient facts pleaded demonstrating funding in any amount above the MOE or continuing to employ Juvenile Division personnel was unreasonable. Alternatively, the Franklin County Commission sought leave to amend its petition for review.

Following oral argument on the motion, the JFC entered its decision sustaining the motion to dismiss on March 11, 2021. The JFC rejected the Franklin County Commission's argument that any funding level greater than the MOE is on its face unreasonable. It noted the Franklin County Commission did not identify or challenge specific budget items. Further, the JFC overruled the Franklin County Commission's request for leave to amend its petition. The JFC awarded the Twentieth Circuit attorney

3

fees and costs.  The Franklin County Commission filed its petition for review in this Court.

## Analysis

JFC decisions are reviewed *de novo*.  Section 477.600.7; *Bd. of Comm'rs of Cnty. of Franklin v. 20th Jud. Cir. of Mo. by Lamke*, 620 S.W.3d 210, 214 (Mo. banc 2021).  This Court "does not engage in any close reconsideration of the [JFC]'s conclusions with respect to reasonableness of circuit court expenditures where the basis for such conclusions is apparent from the record" when reviewing JFC decisions.  *Cnty. of Franklin*, 620 S.W.3d at 214 (quoting *Lincoln Cnty. Comm'n v. 45th Jud. Cir.*, 528 S.W.3d 357, 358 (Mo. banc 2017)).  "The issues presented in this appeal, however, do not involve conclusions regarding the reasonableness of expenditures; therefore, this Court will not defer to the JFC's determinations." *Id*.

## Dismissal of the petition

The Franklin County Commission claims the JFC erred in dismissing its petition for review because:  (1) it could not be required to allocate more funding than the MOE amount to the Juvenile Division budget; (2) the JFC failed to construe the petition liberally as required by Court Operating Rule 12-1.03; and (3) Court Operating Rule 12-11.09 does not provide for a dismissal.  The Franklin County Commission also claims the JFC erred in denying leave to amend the petition for review, which it argues should have been granted freely.

4

*Allocation of Funding Above the MOE*

The Franklin County Commission claims the JFC did not have authority to find it could be compelled to allocate funds to the Juvenile Division in excess of the MOE, even if those funds were reasonable. The Franklin County Commission's briefing acquiesces section 211.393.6 sets forth the MOE, which defines a county's minimum funding obligation to support the juvenile division. However, the Franklin County Commission then reasons a county cannot be compelled to fund any amount in excess of the MOE no matter how reasonable the requested expenditure may be and ordering any additional funding contravenes section 211.393.6. The Franklin County Commission also believes the JFC's decision contradicts a prior JFC decision.

"This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *SEBA, LLC v. Dir. of Revenue*, 611 S.W.3d 303, 316 (Mo. banc 2020) (quoting *Parktown Imp., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)). The plain language of section 211.393.6 clearly delineates a juvenile division budget is comprised of two parts—the MOE and all of the other funds expended in the juvenile division. The MOE encompasses an amount for

> employees of the juvenile [division] including any juvenile officer, deputy juvenile officer, or other juvenile [division] employees in calendar year 1997, minus the state reimbursements as described in this section received for the calendar year 1997 personnel costs for the salaries of all such juvenile [division] employees who become state employees.

*Id*. Additionally, the budget "shall contain *a separate section specifying all funds* to be expended in the juvenile [division]." *Id*. (Emphasis added.) Further, section 211.393.6 provides the proposed budget may be appealed to the JFC.

Clearly, section 211.393.6 requires counties to meet their MOE payments as a minimum payment. Section 211.393.6 also provides there may be another separate section setting forth additional funding for other expenses. Accordingly, the Franklin County Commission's assertion the MOE is the only amount it can be compelled to fund is incorrect.

The Franklin County Commission's assertion the JFC decision is contrary to a prior JFC decision is flawed. The Franklin County Commission has not identified any authority for the proposition that a prior JFC decision is binding precedent on this Court. *20th Jud. Cir. by Lamke v. Bd. of Comm'r of Cnty. of Franklin*, 597 S.W.3d 761, 766 n.1 (Mo. App. E.D. 2020). However, the prior JFC decision is inapposite to the instant case.

"The budget for the juvenile [division] for each year necessarily is a separate and distinct proposition, just as are annual taxes, the collection of which we have held does not involve res judicata." *Cooper Cnty. v. Cir. Ct. of 18th Jud. Cir. of Mo.*, 124 S.W.3d 466, 469 (Mo. banc 2004) (quoting *State v. St. Louis Cnty.*, 603 S.W.2d 545, 547 (Mo. banc 1980)). Merely because a budgetary item is not reasonable during one fiscal year does not mean "the same or similar type of expenditure cannot be shown" in a subsequent year. *St. Louis Cnty.*, 603 S.W.2d at 547. A prior JFC decision finding that a discrete line item to be an unreasonable amount when reviewing a different county's challenge to

6

an additional funding item beyond the MOE in a fiscal year more than a decade ago is not precedential in this case.

*Liberal Construction*

The Franklin County Commission asserts the JFC failed to construe its petition for review liberally and did not afford it all reasonable inferences. The JFC dismissed the Franklin County Commission's petition finding the petition did not make any specific reference to the unreasonableness of a specific budgetary item.

"Court Operating Rule 12 shall be liberally construed to secure just, speedy, and inexpensive determination of the issues presented." Court Operating Rule 12-1.03. All petitions filed with the JFC "shall state clearly and concisely the budget requested, amount disputed, the grounds for the dispute, and all supporting facts and figures." Court Operating Rule 12-9.01(a).

The Franklin County Commission believes that, had the JFC liberally construed its petition, the JFC would have concluded the logical inference of its petition was that it wanted to challenge the reasonableness of funding the Juvenile Division in excess of the MOE. However, the Franklin County Commission's petition stated the "sole issue" was resolving whether the Franklin County Commission could be required to pay more than the MOE for the Juvenile Division funding.

"It is the [JFC]'s duty to determine the reasonableness of a budget request by evaluating 'the discrete and concrete elements proposed for it through which the item is given meaning.'" *Lincoln Cnty. Comm'n*, 528 S.W.3d at 359 (quoting *Bosley v. Berra*, 688 S.W.2d 353, 355 (Mo. banc 1985)); *see also Cooper Cnty.*, 124 S.W.3d at 467. The

7

Franklin County Commission presented a narrowly defined issue for the JFC's review. It did not request evaluation of any discrete element of the funding requested in excess of the MOE. The Franklin County Commission cannot now complain upon review of the JFC's decision it meant to present additional or alternative issues for review. There was no indication the Franklin County Commission sought to challenge the reasonableness of any budgetary item in excess of the MOE.[2]

*Authority to Dismiss a Petition*

The Franklin County Commission argues, because the JFC accepted its petition for review, the only authority the JFC had was to conduct an evidentiary hearing; it could not dismiss its petition. The Franklin County Commission believes the JFC could only dismiss a petition for review prior to accepting that petition, citing only Court Operating Rule 12-11.09 in support of this argument.

Court Operating Rule 12-11.09 allows the JFC to refuse to accept a petition in certain circumstances. This "refusal or dismissal shall operate as a final decision …." *Id*. Accordingly, the Franklin County Commission asserts, because the JFC accepted its petition for review, it was unable to dismiss it.

However, the Franklin County Commission looks to this one Court Operating Rule in isolation. Court Operating Rules 12-23.01 and 12-23.09 both indicate the JFC may dismiss a petition even after the JFC accepts a petition for review. Court Operating

---

[2] Because there was no reasonable inference the Franklin County Commission was requesting the JFC review the reasonableness of the Twentieth Circuit's budget, this Court makes no reasonableness finding.

8

Rule 12-23.01 indicates a circuit court may seek this Court's review "of the written opinion of the commission, *dismissal of the case by the commission*, or on refusal of the commission to accept a petition for review ...." (Emphasis added.) Similarly, Court Operating Rule 12-23.09 contemplates, in the absence of a petition for review, if JFC "refused to review a petition or *dismissed a petition*, ... the circuit court budget is approved ...." (Emphasis added.) The Franklin County Commission's argument is without merit.

**Leave to Amend**

The Franklin County Commission asserts the JFC should have granted it leave to amend its petition. The Franklin County Commission stated in its request to amend its petition that the amendment would secure the "just, speedy, and inexpensive determination of the issues presented." It also stated, because all parties knew the allegations that would be raised, the Twentieth Circuit would not be prejudiced and there would be no delay in holding an evidentiary hearing.

"Amendments to pleadings shall be filed with the [JFC] and may be offered at any time before submission to the [JFC] for decision." Court Operating Rule 12-7.09. The JFC has "discretion whether to allow the offered amendment." *Id*. "A ruling on a motion for leave to amend is reviewed for abuse of discretion." *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 274 (Mo. banc 2013).

As a part of its response to the Twentieth Circuit's motion to dismiss, the Franklin County Commission requested it be allowed to amend its petition. The Franklin County Commission did not set forth any specific amendment it would make but offered only the

9

generalized statements that all parties knew the allegations that would be made. The Franklin County Commission failed to follow Court Operating Rule 12-7.09's procedure for filing the proposed amendments with the JFC and offering them for submission.

Further, the JFC is tasked with resolving budgetary disputes within 90 days of the beginning of the fiscal year. Section 50.640.2. The JFC stated that, even after multiple settlement conferences, it was unaware of what items in excess of the MOE the Franklin County Commission would seek to be found unreasonable.[3] The JFC reasoned that allowing an unknown amendment within weeks of the end of the first fiscal quarter would circumvent the regular budgetary process and force the JFC to take a role other than the final arbiter of budgetary reasonableness to meet its requirement of resolving a budgetary issue within 90 days of the beginning of the fiscal year. The JFC did not abuse its discretion in overruling the Franklin County Commission's request for leave to amend its petition.

**Conclusion**

The JFC's dismissal of the Franklin County Commission's petition for review is affirmed.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

---

[3] "There is no abuse of discretion in denying the amended pleadings of parties who fail to show the pleadings include any facts that were unknown when the original pleading was filed." *Saint Luke's Hosp. of Kan. City v. Benefit Mgmt. Consultants, Inc.*, 626 S.W.3d 731, 757 (Mo. App. W.D. 2021) (quoting *Eckel v. Eckel*, 540 S.W.3d 476, 488 (Mo. App. W.D. 2018)).