

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. | ) | |
| MEREDITH GREEN, | ) | |
| | ) | |
| Respondent, | ) | **WD84592** |
| v. | ) | **(Consolidated with WD84605)** |
| | ) | |
| | ) | **OPINION FILED:** |
| MISSOURI COMMISSION ON HUMAN | ) | **June 7, 2022** |
| RIGHTS, et al., | ) | |
| | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Jon E. Beetem, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Edward R. Ardini, Jr., and Thomas N. Chapman, Judges

The Missouri Commission on Human Rights (MCHR), its Executive Director Alisa Warren, and Mercy Health and Mercy Clinic Joplin, LLC (collectively, Mercy) appeal from summary judgment granted in favor of Meredith Green on her petition for a permanent writ of mandamus directing the MCHR to issue her a right-to-sue letter. On appeal, the MCHR raises two points, arguing that the circuit court erred in granting the writ because (1) the MCHR could not issue a right-to-sue letter until it determined whether it had jurisdiction over Green's discrimination complaint against Mercy and (2) Green failed to establish that she met the requirements for

issuance of a right-to-sue letter in that the parties dispute whether her complaint alleged discrimination by an "employer" covered by the Missouri Human Rights Act (MHRA).

Mercy raises six points on appeal. For Points I-V, Mercy claims that the court erred in granting the writ because (1) the MCHR lacked authority to issue a right-to-sue letter until it determined whether it had jurisdiction over Green's complaint; (2) Mercy is not a covered "employer" because it is not a "person" under the MHRA; (3) Mercy is not an "employer" because it does not have six or more employees; (4) Mercy was not Green's employer; and (5) Mercy is exempt from the MHRA because Mercy is owned and operated by a religious organization. For Point VI, Mercy contends that the court erred in granting summary judgment for Green because she failed to show that she requested a right-to-sue letter after her complaint had been pending with the MCHR for 180 days.

Because the MCHR had a ministerial duty to issue a right-to-sue letter to Green and terminate its investigation of her complaint, we affirm.

## Background

On February 27, 2018, Green filed, with the MCHR, a charge of discrimination against Mercy. In her charge, Green alleged that Mercy discriminated against her on the basis of disability and perception of disability, denied her reasonable accommodations and, ultimately, terminated her on December 4, 2017.[1] On March 21, 2018, counsel for Mercy sent a letter to the MCHR

---

[1] The discriminatory conduct alleged in Green's complaint occurred after August 28, 2017, the effective date of several amendments to the MHRA. Thus, Green's complaint is governed by the amended statute.

requesting dismissal of Green's complaint, asserting that Mercy is exempt from the MHRA's definition of "employer."[2]

Green requested a right-to-sue letter from the MCHR on April 24, 2018, and the MCHR issued the letter on August 27, 2018—181 days after Green filed her complaint. The right-to-sue letter stated, in part, "This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. Please note that administrative processing of this complaint, including determination of jurisdiction, has not been completed." The letter advised Green that the MCHR was administratively closing the case and terminating all MCHR proceedings regarding her complaint. No party appealed issuance of the right-to-sue letter. Green then filed suit against Mercy on November 20, 2018.

On January 10, 2019, the MCHR notified Green that it was vacating its closure of her complaint because the closure was in error. The next day, the MCHR administratively closed Green's complaint and terminated all MCHR proceedings relating to her complaint without issuing a right-to-sue letter because the MCHR determined that Mercy was owned or operated by a religious organization and, therefore, was exempt from the MHRA.

On February 13, 2019, Green filed a two-count petition seeking a writ of mandamus compelling the MCHR and Warren to issue a right-to-sue letter or, in the alternative, judicial

---

[2] "To be entitled to remedies on a claim of unlawful employment practices under section 213.055.1(1) [of the MHRA], the unlawful employment practice must be committed by an employer." *Najib v. Mo. Comm'n on Hum. Rts.*, No. WD84344, 2022 WL 677883, at *6 (Mo. App. W.D. Mar. 8, 2022). Section 213.010(8) of the MHRA defines "employer" but exempts "corporations and associations owned or operated by religious or sectarian organizations" from that definition. Mercy claims that it is owned and/or operated by the Catholic Church. All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2018).

3

review of a non-contested case under § 536.150. On February 19, 2019, the circuit court issued preliminary writs of mandamus to the MCHR and Warren. Thereafter, Mercy moved to intervene.

On October 27, 2020, Green moved for summary judgment on her writ petition, arguing that the MCHR was required to issue a right-to-sue letter under § 213.111.1 because she had requested a letter in writing and the MCHR had failed to complete its administrative processing of her complaint within 180 days of its filing. On November 6, 2020, Mercy moved for summary judgment, asserting that (1) Green had submitted her request for a right-to-sue letter too early because § 213.111.1 requires that a request for a right-to-sue letter be made no earlier than 180 days after the filing of the complaint and (2) Green had not been employed by Mercy. In response to the motions for summary judgment, the MCHR argued, among other things, that Green failed to allege that an "employer" subject to the MHRA engaged in "an unlawful discriminatory practice" and, as a result, the MCHR was required to dismiss Green's complaint for lack of jurisdiction. But the MCHR expressly rejected Mercy's argument that Green submitted her request for a right-to-sue letter too early, stating that "MCHR accepts right[-]to[-]sue requests at any time."

The circuit court held a hearing on the competing motions for summary judgment and, on May 9, 2021, the court granted Green's motion for summary judgment and denied Mercy's motion. The court concluded that Green "is entitled to a [r]ight-to-[s]ue letter against Mercy Clinic Joplin, LLC because [the MCHR] failed to complete its administrative processing within 180 days and such a letter was requested in writing."

> Having made no determination within 180 days and with the Relator having requested a right-to-sue letter in writing, the [MCHR] lost the ability to make *any* jurisdictional determination. Any act taken after that date is void. As a result *no* determination was made as to whether or not Intervenor was Relator's employer [or] the Intervenor was an employer . . . subject to the MHRA and nothing in this judgment should be so construed.

4

(Emphasis in original.)  The court issued a permanent writ directing the MCHR to rescind its determination that it lacked jurisdiction over Green's complaint (which effectively denied Green a right-to-sue letter) and to issue a right-to-sue letter on her allegations against Mercy Clinic Joplin, LLC.[3]  The court expressly adopted its reasoning in *Najib v. Missouri Commission on Human Rights*, Cole County Case No. 20ACCC00189, "for the 180 day analysis and for the issue of requesting a [r]ight-to-[s]ue letter prior to 180 days."  The MCHR and Mercy appeal.

**Standard of Review**

The MCHR and Mercy seek review of the circuit court's grant of summary judgment in favor of Green on her petition for a writ of mandamus.  As we noted in our opinion in *Najib*, "[t]his procedural posture is unusual, and there are different standards for reviewing the grant of summary judgment and the issuance of a writ of mandamus."  *Najib v. Mo. Comm'n on Hum. Rts.*, No. WD84344, 2022 WL 677883, at *3 (Mo. App. W.D. Mar. 8, 2022).  "A circuit court's grant of summary judgment is subject to *de novo* review on appeal."  *Holmes v. Steelman*, 624 S.W.3d 144, 148 (Mo. banc 2021).  A writ of mandamus is a discretionary writ and, thus, we "review[] the grant of a writ of mandamus under an abuse of discretion standard."  *State ex rel. Mo. Clean Energy Dist. v. McEvoy*, 557 S.W.3d 473, 478 (Mo. App. W.D. 2018) (quoting *Burnett v. Kansas City Sch. Bd.*, 237 S.W.3d 237, 238 (Mo. App. W.D. 2007)).

Here, the circuit court's grant of Green's request for a writ of mandamus was based on the court's interpretation of the relevant sections of the MHRA.  "Matters of statutory interpretation are reviewed *de novo*."  *Id.* (quoting *Burnett*, 237 S.W.3d at 239).  Thus, "because the facts material to the circuit court's issuance of the writ of mandamus are not in dispute, and because the issuance

---

[3] No challenges to the procedures used by the circuit court are raised on appeal.

of the writ was based on the circuit court's interpretation of the [MHRA], our review is *de novo*."
*Najib*, 2022 WL 677883, at *3.

**Analysis**

The MCHR raises two points on appeal, asserting that the circuit court erred in granting the writ of mandamus because (1) the MCHR lacked authority to issue a right-to-sue letter until it determined whether it had jurisdiction over Green's complaint and (2) Green failed to establish that she met the requirements for issuance of a right-to-sue letter in that the parties dispute whether her complaint alleged discrimination by an "employer" covered by the MHRA.

Mercy raises six points on appeal. For Points I-V, Mercy claims that the court erred in granting the writ because (1) the MCHR lacked authority to issue a right-to-sue letter until it determined whether it had jurisdiction over Green's complaint; (2) Mercy is not an "employer" because it is not a "person" under the MHRA; (3) Mercy is not an "employer" because it does not have six or more employees; (4) Mercy was not Green's employer; and (5) Mercy is exempted from the MHRA because Mercy is owned and operated by a religious organization. For Point VI, Mercy contends that the court erred in granting summary judgment for Green because she failed to show that she requested a right-to-sue letter after her complaint had been pending with the MCHR for 180 days.

"The purpose of the extraordinary writ of mandamus is to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019) (quoting *Furlong Cos. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006)). "Mandamus may not be used to establish a legal right; it may . . . be used [only] to compel performance of a right that already exists." *Clarkson Constr.*

6

*Co. v. Warren*, 586 S.W.3d 297, 301 (Mo. App. W.D. 2019). Thus, the key question is whether the MCHR had a ministerial duty to issue a right-to-sue letter to Green.

The MHRA authorizes the MCHR "[t]o receive, investigate, initiate, and pass upon complaints alleging discrimination in employment." § 213.030.1(7). "[A]ny person claiming to be aggrieved by an unlawful discriminatory practice shall make, sign and file with the [MCHR] a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination . . . ." § 213.075.1. After receiving the complaint, the agency shall "promptly investigate the complaint" to determine whether "probable cause exists for crediting the allegations of the complaint." § 213.075.3.[4]

"[I]f the director determines after the investigation that probable cause exists for crediting the allegations of the complaint, the executive director shall immediately endeavor to eliminate the unlawful discriminatory practice . . . ." *Id.* If, however, the MCHR does not complete the administrative processing of the complaint within 180 days from the date it was filed, the MHRA allows the complainant to request a right-to-sue letter and then file suit in court:

> If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . the [MCHR] has not completed its administrative processing and the person aggrieved so requests in writing, the [MCHR] *shall* issue to the person claiming to be aggrieved a letter indicating . . . her right to bring a civil action within ninety days of such notice against the respondent named in the complaint.

§ 213.111.1 (emphasis added). "If 180 days have passed since the complaint was filed without the MCHR completing its administrative processing, and the [complainant] requests a right-to-sue

---

[4] In 2017, § 213.075.1 was amended to require the MCHR to first determine that a complaint is timely filed before taking any other action regarding the complaint, including investigating it. *See* § 213.075.1 ("Notwithstanding any other provision of this chapter to the contrary, if a complaint is not filed with the [MCHR] within one hundred eighty days of the alleged act of discrimination, the [MCHR] shall lack jurisdiction to take any action on such a complaint other than to dismiss the complaint for lack of jurisdiction."). Here, the timeliness of Green's complaint is not at issue.

letter, section 213.111.1 expressly requires the MCHR to issue the letter." *Bi-State Dev. Agency of Mo.-Ill. Metro. Dist. v. Warren*, 581 S.W.3d 654, 661 (Mo. App. W.D. 2019) (quoting *State ex rel. Tivol Plaza Inc. v. Mo. Comm'n on Hum. Rts.*, 527 S.W.3d 837, 844 (Mo. banc 2017)). At that point, the MCHR loses authority to further process the complaint. *See* § 213.111.1 ("Upon issuance of [a right-to-sue letter], the [MCHR] shall terminate all proceedings relating to the complaint.").

We now turn to the points raised by the MCHR and Mercy on appeal, beginning with the MCHR's Point I and Mercy's Point I. Because these points raise the same issue, we address them together.

**A. The MCHR is required to issue a right-to-sue letter in response to a timely filed complaint where the conditions of § 213.111.1 are met.**

The MCHR and Mercy first argue that the circuit court erred in ordering the MCHR to issue a right-to-sue letter as directed by § 213.111.1 because the MCHR had not yet determined whether it had jurisdiction over Green's complaint.

In 2017, the legislature amended the MHRA to include the following language regarding the MCHR's jurisdiction:

> The failure to timely file a complaint with the [MCHR] shall deprive the [MCHR] of jurisdiction to investigate the complaint. *The [MCHR] shall make a determination as to its jurisdiction with respect to all complaints.* Notwithstanding any other provision of this chapter to the contrary, if a complaint is not filed with the [MCHR] within one hundred eighty days of the alleged act of discrimination, the [MCHR] shall lack jurisdiction to take any action on such a complaint other than to dismiss the complaint for lack of jurisdiction.

8

§ 213.075.1 (emphasis added). The MCHR and Mercy argue that, in view of the emphasized provision, the MCHR is precluded from issuing a right-to-sue letter, even when the conditions of § 213.111.1 are met, if the MCHR has yet to make a jurisdictional determination.[5]

"Our 'primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.'" *Najib*, 2022 WL 677883, at *3 (quoting *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)). "When interpreting a statute, no portion of it is read in isolation, but rather is read in context to the entire statute, harmonizing all provisions." *Id.* (quoting *Antioch Cmty. Church v. Bd. of Zoning Adjustment of Kansas City*, 543 S.W.3d 28, 35 (Mo. banc 2018)).

Section 213.111.1 requires the MCHR to provide a right-to-sue letter when (1) a complaint has been filed with the MCHR, (2) 180 days have passed since the filing of the complaint without the MCHR having completed its review, (3) and the complainant submits a written request for a right-to-sue letter. And, upon issuance of the right-to-sue letter, § 213.111.1 requires the MCHR to terminate all proceedings relating to the complaint.

The interpretation urged by the MCHR and Mercy would place an added requirement on the issuance of right-to-sue letters, a requirement that is not supported by the plain language of either § 213.111.1 or § 213.075.1. As this court recently noted in *Najib*, "outside of the timeliness of complaints, section 213.075.1 is silent as to what issues may affect the [MCHR's] 'jurisdiction with respect to . . . complaints.'" *Najib*, 2022 WL 677883, at *7 (quoting § 213.075.1). While the 2017 amendments allowed challenges based on the timeliness of complaints, the legislature left untouched portions of the MHRA both mandating issuance of right-to-sue letters and prohibiting the MCHR from taking any action on a complaint after a right-to-sue letter has been issued. Where

---

[5] Most of the remaining points on appeal are premised on the notion that whether Mercy is a covered "employer" under the MHRA is a jurisdictional issue that must be determined before a right-to-sue letter can be issued.

9

§ 213.075.1 is silent with respect to any jurisdictional issue other than the timeliness of complaints and the legislature did not amend the requirements for issuance of right-to-sue letters in § 213.111.1, we will not interpret those provisions to impose an additional requirement on issuance of right-to-sue letters.

Our conclusion here is consistent with *Najib*. There, the complainant submitted a charge of discrimination against Mercy and simultaneously submitted a written request for a right-to-sue letter. *Najib*, 2022 WL 677883, at *1. The MCHR continued to investigate the complaint beyond 180 days and eventually issued a notice of "no right to sue." *Id.* at *2. The notice stated that the MCHR determined it lacked jurisdiction over the complaint because Mercy was owned or operated by a religious or sectarian group, which the MCHR found exempted Mercy from the definition of "employer" under the MHRA. *Id.*

We concluded that the MCHR was required to issue a right-to-sue letter to Najib and terminate the administrative proceedings related to his complaint after the 180-day period had passed. *Id.* at *1.

> At that point, the [MCHR] had no authority to continue investigating the complaint, to make determinations as to the merits of the allegations in the complaint, or to take any other action related to the complaint. Because the [MCHR] had a ministerial duty to issue a right-to-sue letter and terminate proceedings, the circuit court did not err in directing the [MCHR] to perform these actions and to vacate the actions the [MCHR] had no authority to take.

*Id.* at *6. We reach the same conclusion here.

The MCHR has authority to receive and investigate claims of employment discrimination and, when the MCHR receives such a complaint, the Executive Director must promptly investigate it. *Id.* at *8. As part of her investigation, the Executive Director is authorized to determine whether "probable cause exists for crediting the allegations of the complaint[.]" *Id.* (quoting § 213.075.3). Here, Green alleged that Mercy was her employer and that Mercy discriminated against her. Thus,

10

the MCHR had the authority to begin processing and investigating Green's complaint. *Id.* But the MCHR did not finish processing her complaint within 180 days, and she requested a right-to-sue letter.

> At that point, pursuant to section 213.111.1, the [MCHR] had the authority (and the duty) to issue the right-to-sue letter and terminate the administrative proceedings at [Green's] request. The [MCHR] had statutory authority to take all of these actions it took within 180 days of the complaint's filing, and thus had "jurisdiction with respect to" [Green's] complaint to perform all of the actions it had taken with respect to the complaint at that time. § 213.075.1.

*Id.*

The MCHR and Mercy assume that whether Mercy is an "employer" under the MHRA is a matter of whether the MCHR had jurisdiction over Green's complaint. However, what the MCHR and Mercy "fail to recognize is that a complaint is comprised of allegations, which must then be established in order to entitle the complainant to a remedy. The mere fact that an allegation is disputed does not deprive the [MCHR] of the authority to process or investigate a complaint."

*Id.* The MCHR

> is not deprived of authority to process and investigate a complaint based on a potential outcome of a determination on the merits of a disputed allegation—a determination on the merits that the [MCHR] did not make and is not required to make when the [MCHR] does not complete its processing within 180 days, and the complainant elects to forego the administrative remedies available through the [MCHR].

*Id.* at *8. "Although the [timely] filing of a complaint gives rise to the mandatory duties to investigate the complaint, when the investigation is not completed within 180 days (and the complainant elects to forego administrative remedies), it is irrelevant what determinations might have been made." *Id.* at *9.

Because the conditions of § 213.111.1 for issuance of a right-to-sue letter were satisfied, the MCHR was required to issue a letter to Green and terminate all proceedings related to her

11

complaint even though the MCHR had not yet determined whether Mercy was a covered "employer."

Thus, the MCHR's Point I and Mercy's Point I are denied.

**B. The MCHR is not deprived of authority to process Green's complaint simply because an allegation necessary to entitle her to relief was disputed.**

For its second point, the MCHR contends that the circuit court erred in granting the writ because Green failed to establish that she met the requirements for issuance of a right-to-sue letter in that the parties dispute whether her complaint alleged discrimination by an "employer" covered by the MHRA.

As discussed above, the MCHR has authority to process a complaint based on the allegations of the complaint. "Simply because an allegation in the complaint was disputed did not deprive the [MCHR] of authority to investigate and process the complaint." *Id*. at \*12. As we concluded in *Najib*,

> Although a determination that Mercy was not an employer under the Act would have led to the unavailability of a remedy under the Act such that dismissal would have been proper, the [MCHR] clearly had authority with respect to the complaint prior to making a determination regarding that disputed allegation. . . . [T]he MCHR is not required to reach the merits of every complaint and did not in this matter. The Commission did not complete its administrative processing or make a determination regarding that disputed allegation within 180 days.

*Id.* And, at that point, the MCHR was required to issue a right-to-sue letter and cease further proceedings regarding Green's complaint because the conditions of § 213.111.1 were met.

Thus, the MCHR's Point II is denied.

**C. The MCHR lacked authority to continue processing Green's complaint more than 180 days after it was filed because Green requested a right-to-sue letter.**

In Points II-V, Mercy challenges the court's issuance of a writ on several grounds related to whether Mercy is an "employer" under the MHRA. Specifically, Mercy argues that the court

erred in granting the writ because Mercy is not a covered "employer" in that it is not a "person" under the MHRA (Point II), nor does it have six or more employees (Point III); Mercy further argues that it was not Green's employer (Point IV) and that it is exempted from the MHRA in that Mercy is owned and operated by a religious organization (Point V).

Here, the MCHR did not determine, within the 180-day period, whether Mercy is a covered "employer" or whether Mercy was Green's employer. Instead, the MCHR determined that Mercy was not subject to the MHRA and, thus, the MCHR lacked jurisdiction over Green's complaint only after the 180-day period had lapsed. Thus, Mercy's Points II-V are all premised on the MCHR having authority to continue processing Green's complaint more than 180 days after she filed her complaint despite having received her written request for a right-to-sue letter. Because, having received the request, the MCHR lacked authority to continue investigating Green's complaint after 180 days from its filing or to take any action other than to issue the right-to-sue letter, the court did not err in ordering the MCHR to issue the letter.[6] *See Najib*, 2022 WL 677883, at *12.

Thus, Mercy's Points II, III, IV, and V are denied.[7]

### D. Green was not required to wait 180 days from the filing of her complaint to request a right-to-sue letter.

For its final point, Mercy contends that the court erred in granting summary judgment for Green because she failed to show that she requested a right-to-sue letter after her complaint had

---

[6] In its reply brief, Mercy argues that the MCHR was justified in vacating its initial right-to-sue letter to Green under 8 C.S.R. § 60-2.025(7)(D) (2018). That regulation allows the MCHR to "vacate a dismissal or administrative closure of a complaint within one hundred eighty (180) days of the date of the original letter of notification when the dismissal or administrative closure was inappropriate due to administrative error." But the MCHR did not cite that provision as the basis for vacating its initial right-to-sue letter. Moreover, we do not interpret 8 C.S.R. § 60-2.025(7)(D) to authorize the MCHR to take any action based on continued investigation of a complaint in contravention of § 213.111.1.

[7] We express no opinion as to whether Mercy was an "employer" under the MHRA, and nothing herein prevents Mercy from properly raising that issue in Green's civil action.

been pending with the MCHR for 180 days. We rejected this argument in *Najib*, and we do so again here for the same reasons.

As previously noted, § 213.111.1 states,

If, after one hundred eighty days from the filing of a complaint alleging an unlawful discriminatory practice . . . the [MCHR] has not completed its administrative processing and the person aggrieved so requests in writing, the [MCHR] *shall* issue to the person claiming to be aggrieved a letter . . . .

(Emphasis added.)

Although it is clear from the text of section 213.111.1 that a complainant is not entitled to a right-to-sue letter until after 180 days have elapsed from the filing of the complaint,[8] nothing in the text of section 213.111.1 indicates that a request submitted to the [MCHR] prior to that time is void so as to make such a request a nullity.

*Najib*, 2022 WL 677883, at *10. Thus, "[w]e do not interpret section 213.111.1 to require a complainant to wait 180 days before requesting a right-to-sue letter lest the request be treated as a nullity." *Id.*

As we noted in *Najib*, "[t]he evident purpose of section 213.111.1 is to provide a complainant with the option of pursuing an alternative avenue toward a remedy in the form of a civil action when the [MCHR] fails to complete its administrative processing of the complaint within 180 days." *Id.* A written request for a right-to-sue letter serves

to notify the [MCHR] of whether the complainant wishes to continue pursuing administrative remedies (in which case the [MCHR] must continue processing the complaint beyond 180 days) or instead wishes to pursue the remedies available in a civil action (in which case the [MCHR] is required to terminate the proceedings and issue the complainant a notice of . . . her right to pursue a civil action). This purpose can be accomplished whether the complainant notifies the [MCHR] of this election before or after 180 days have elapsed.

---

[8] In 2017, the following language was added to § 213.111.1: "The [MCHR] may not at any other time or for any other reason issue a letter indicating a complainant's right to bring a civil action." We concluded, "[t]his language was evidently added to prevent the [MCHR] from issuing a right[-]to[-]sue letter prior to the expiration of 180 days [because, before] the amendment, Missouri courts had regularly interpreted the [MHRA] to allow the [MCHR] to issue right-to-sue letters prior to the expiration of 180 days." *Najib*, 2022 WL 677883, at *10 n.12.

14

*Id.* Notably, the MCHR expressly rejected Mercy's argument on this point because the "MCHR accepts right[-]to[-]sue requests at any time."

Thus, "[a]lthough a complainant is not entitled to a right-to-sue letter prior to the expiration of 180 days from filing, a written request for such a letter made prior to that time does not render such a request a nullity." *Id.* at \*11. "Rather, such a request serves the purpose of the requirement that a request be submitted in writing and is effective upon the expiration of 180 days."[9] *Id.*

Mercy's Point VI is denied.

## Conclusion

Because the MCHR had a ministerial duty to issue a right-to-sue letter and terminate its investigation of Green's complaint, the circuit court's judgment is affirmed.

_____
Karen King Mitchell, Presiding Judge

Edward R. Ardini, Jr., and Thomas N. Chapman, Judges, concur.

---

[9] Green also requested a right-to-sue letter on September 13, 2018, roughly two weeks after the expiration of 180 days. Thus, even if we were to reverse the circuit court's grant of summary judgment on Mercy's final point, the result would be the same because Green requested a right-to-sue letter after her complaint had been pending with the MCHR for 180 days.